**STATE of Delaware**

v.

**Cornelius E. FERGUSON, Defendant.**

**Cr. A. Nos. IN91–10–0576, 0578–0581.**

Superior Court of Delaware, New Castle County.

Date Argued: Nov. 12, 1992.
Date Decided: Nov. 13, 1992.

See also 642 A.2d 772.

Charles E. Butler and Michael F. McTaggart, Deputy Attys. Gen., Dept. of Justice, Wilmington, for the State.

Edmund M. Hillis and James A. Bayard, Jr., Asst. Public Defenders, Wilmington, for defendant.

*OPINION*

GEBELEIN, Judge.

Pending before the Court is a motion *in limine* relating to whether the defendant may present evidence about the disposition of the case against his co-defendant during the penalty phase of this capital murder trial. Specifically, defendant contends that the fact that his co-defendant received a fifteen year prison sentence for his role in this crime as a result of a plea bargain, is mitigating evi-

---

dence which he should be permitted to present to the Court and the jury at the penalty hearing. The State contends that this evidence would be irrelevant to the questions the jury is required to answer, and should be excluded.[1]

After careful review of the cases submitted to the Court by the parties in support of their respective positions, some of which are noted herein, this Court concludes that the proffered evidence is relevant to the penalty to be imposed and therefore may be placed before the Court and jury during the penalty phase of the trial.

The leading U.S. Supreme Court case on the issue of what constitutes mitigating evidence which the defense must be permitted to present to the jury in death penalty cases is *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). The Court held in that case that the sentencing agent must be permitted to consider *"as a mitigating factor,* any aspect of a defendant's character or record and any of the circumstances of the offense."* 438 U.S. at 604, 98 S.Ct. at 2964 (emphasis in original).

The State correctly points out that a number of jurisdictions have interpreted this requirement as not requiring the admission of evidence concerning the disposition of a co-

defendant's case, on the grounds that such evidence is not relevant mitigation evidence. *E.g., State v. Gerald,* N.J.Supr., 113 N.J. 40, 549 A.2d 792, 825 (1988) ("[T]he sentences imposed on the co-defendants result from the sentencing court's reasoned consideration of factors that are peculiar to those co-defendants.... Although the co-defendants' comparative participation in the crime might be relevant to the circumstances of the offense—and therefore properly considered as a mitigating factor in sentencing the defendant—the sentences that the co-defendants receive are not."); and, *Commonwealth v. Frey,* Pa.Super., 520 Pa. 338, 554 A.2d 27, 33 (1989) ("The sentence received by a co-conspirator is not a mitigating circumstance as to appellant's role in the crime."), *cert. denied,* 494 U.S. 1038, 110 S.Ct. 1500, 108 L.Ed.2d 635 (1990).

However, other jurisdictions have taken the opposite view. Most notably, in *Malloy v. State,* Fla.Supr., 382 So.2d 1190 (1979), the court held that a death penalty imposed despite a contrary recommendation by the jury was unwarranted where the evidence showed that the accomplices had each pleaded guilty to a lesser charge and received only a five- to ten-year sentence. The court explained that "[o]ur ruling does not mean that the imposition of the death sentence is always depen-

---

1. The procedure for determining the appropriate sentence for an individual convicted of first degree murder is set forth at 11 *Del.C.* § 4209(c), which provides in relevant part:

   (c) *Procedure at punishment hearing.*—(1) The sole determination for the jury or judge at the hearing provided for by this section shall be the penalty to be imposed upon the defendant for the conviction of first-degree murder. At the hearing, *evidence may be presented as to any matter that the Court deems relevant and admissible to the penalty to be imposed.* The evidence shall include matters relating to any mitigating circumstances and to any aggravating circumstance, including, but not limited to, those aggravating circumstances enumerated in subsection (e) of this section. Notice in writing of any aggravating circumstances and any mitigating circumstances shall be given to the other side by the party seeking to introduce evidence of such circumstances prior to the punishment hearing, and after the verdict on guilt, unless in the discretion of the Court such advance notice is dispensed with as impracticable. The record of any prior criminal con-

victions and pleas of guilty or pleas of nolo contendere of the defendant or the absence of any such prior criminal convictions and pleas shall also be admissible in evidence. (Emphasis added.)

      \*    \*    \*    \*    \*    \*

   (3) a. Upon the conclusion of the evidence and arguments the judge shall give the jury appropriate instructions and the jury shall retire to deliberate and recommend to the Court an answer to the following questions:

   1. Whether the evidence shows beyond a reasonable doubt the existence of at least 1 aggravating circumstance as enumerated in subsection (e) if this section; and

   2. Whether, by a preponderance of the evidence, after weighing all relevant evidence in aggravation or mitigation which bear upon the particular circumstances or details of the commission of the offense and the character and propensities of the offender, the aggravating circumstances found to exist outweigh the mitigating circumstances found to exist.

dent upon the sentences of the accomplices. *It is a factor, however, that may be considered along with evidence of complicity."* 382 So.2d at 1193 (emphasis added). *See also, Brookings v. State,* Fla.Supr., 495 So.2d 135, 143 (1986).[2]

Finally, the Delaware Supreme Court has had more than one opportunity to reject the appropriateness of considering the type of evidence in question here, yet the Court has not done so. In fact, the Court has arguably implied that the disposition of co-defendants' cases *is* relevant, mitigating evidence. *See Riley v. State,* Del.Supr., 496 A.2d 997, 1026 (1985) (*"Riley I"*), *cert. denied,* 478 U.S. 1022, 106 S.Ct. 3339, 92 L.Ed.2d 743 (1986) ("Evidence offered as to mitigating circumstances was ... that [the co-defendant] received a less severe penalty[.]"); *see also Riley v. State,* Del.Supr., 585 A.2d 719, 730 (1990) (*"Riley II"*), *cert. denied,* 501 U.S. 1223, 111 S.Ct. 2840, 115 L.Ed.2d 1008 (1991).

Indeed, the Supreme Court in rejecting the need for a separate "totality of the circumstances" analysis in the penalty phase of a capital murder case stated:

> We cannot conceive of a relevant factor in a totality of the circumstances analysis which would not also be weighed as a

mitigating or aggravating factor under the new law. *Cohen,* [604 A.2d] at 849.

Clearly, one factor weighed by sentencing courts in the imposition of sentences in routine cases under the totality of circumstances is the disposition and sentences of co-defendants.

In light of the Supreme Court's treatment of this issue in *Riley I* and *Riley II,* the lack of any independent totality of the circumstances analysis, as well as the decisions of the Florida Supreme Court under a similar statute in favor of the admissibility of evidence as to the disposition of co-defendants' cases in the penalty phase of capital murder trials, this Court concludes that information about Hyland's sentence is admissible at Ferguson's penalty hearing.

---

**2.** The Florida position is a particularly important consideration in that the new death penalty statute in Delaware, 11 *Del.C.* § 4209, is patterned after the Florida death penalty statute. *State v. Cohen,* Del.Supr., 604 A.2d 846, 849 (1992).