[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed a motion to dismiss seeking to dismiss an action by the plaintiff who was a member of the defendant municipal union. The plaintiff in her complaint has alleged that the union violated its duty of fair representation as provided by[1] § 7-470 (b)(3) of the Connecticut General Statutes.
In relevant part, the complaint alleges that the defendant was "an employee organization" within the meaning of Connecticut General Statutes[2] § 7-468 (b), and was the designated and recognized representative of the plaintiff and other employees of the Milford Police Department. Thus, the defendant had an obligation to act for the plaintiff and to represent her interests in her relationship with her employer. CT Page 2307
On or about November 24, 1998, it is alleged that the defendant's president and vice president, acting in their official capacities as officers of the union, jointly filed a complaint against the plaintiff with Captain Mello of the Milford Police Department "falsely and maliciously" accusing the plaintiff of theft. As a result, an internal investigation by the Milford Police Department was conducted, during which the plaintiff alleges she was denied union representation.
On January 22, 1999, at the conclusion of the internal investigation, the plaintiff was "exonerated and cleared of all wrongdoing." The plaintiff filed the subject action on December 8, 1999, claiming severe emotional distress due to the defendant's violation of Connecticut General Statutes § 7-470 (b). Subsequently, on January 24, 2000, the defendant filed its motion to dismiss on the grounds that the court lacks jurisdiction over the subject matter.
Pursuant to Connecticut Practice Book § 10-31, a motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; and (3) improper venue. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."Richardello v. Butka, 45 Conn. Sup. 336 (1997); Gurliacci v. Mayer,218 Conn. 531, 544 (1991). "A motion to dismiss is used to assert jurisdictional flaws that appear on the record or are alleged by the defendant in a supporting affidavit as to facts not apparent on the record." Villager Pond, Inc. v. Darien, 54 Conn. App. 178, 182 (1999);Bradley's Appeal from Probate, 19 Conn. App. 456, 461-62 (1989). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Villager Pond, Inc. v. Darien, supra at 183; Mahoney v. Lensink, 213 Conn. 548, 567 (1990). "It is the law in our courts, as it is in the federal courts, that [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Pamela B. v. Ment, 244 Conn. 296, 309 (1998).
In the present case, the defendant has moved to dismiss the entire complaint for lack of subject matter jurisdiction, on the grounds that the plaintiff has failed to exhaust her administrative remedies before the State Board of Labor Relations pursuant to[3] General Statute § 7-741 (5)(A)(B). CT Page 2308
"The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions." Connecticut Life and Health Ins. Guaranty Assn. v.Jackson, 173 Conn. 352, 358-59, 377 A.2d 1099 (1977). "The doctrine of exhaustion furthers the statutory goals of relieving the courts of the burden of deciding questions entrusted to an agency . . . in advance of possible judicial review." Watergate II Apartments v. Buffalo SewerAuthority, 46 N.Y.2d 52, 57, 385 N.E.2d 560, 412 N.Y.S.2d 821 (1978).Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 557,529 A.2d 666 (1987); Mendillo v. Board of Education, 246 Conn. 456,466-67, 717 A.2d 1177 (1998).
"Despite the important policy considerations underlying the exhaustion requirement, we have grudgingly carved several exceptions from the exhaustion doctrine. Cahill v. Board of Education, 198 Conn. 229, 241,502 A.2d 410 (1985). We have recognized such exceptions, however, only infrequently and only for narrowly defined purposes. LaCroix v. Board ofEducation, 199 Conn. 70, 79, 505 A.2d 1233 (1986). One of the limited exceptions to the exhaustion rule arises when recourse to the administrative remedy would be demonstrably futile or inadequate. O GIndustries, Inc. v. Planning and Zoning Commission, 232 Conn. 419, 429,655 A.2d 1121 (1995); Labbe v. Pensions Commission, 229 Conn. 801, 814,642 A.2d 1268 (1994). An administrative remedy is futile or inadequate if the agency is without the authority to grant the requested relief."Canata v. Dept. of Environmental Protection, 215 Conn. 616, 628,577 A.2d 1017 (1990). The administrative remedy may also be futile or inadequate if the factual allegations presented by the plaintiff allege an action not contemplated to be addressed by the State Board of Labor Relations, pursuant to General Statutes §§ 7-467 to 7-477 inclusive.Mendillo v. Board of Education, supra, 246 Conn. 468.
"A union must represent its members in good faith. This duty of fair representation derives from the union's status as the sole bargaining representative for its members. As such, the union has the exclusive right and obligation to act for its members and to represent their interests." See General Statutes § 7-468 (d); Labbe v. HartfordPension Commission, 239 Conn. 168, 193, 682 A.2d 490 (1996). This duty of fair representation requires the union "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion in complete good faith and honesty, and to avoid arbitrary conduct." Id. at 194. A union breaches this duty if it acts arbitrarily, discriminatorily or in bad faith. Air Line Pilots v. O'Neill, 499 U.S. 65,74, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991); Vaca v. Sipes, 386 U.S. 171,190, 870 S.Ct. 903, 17 L.Ed.2d 842 (1967). A union's actions are CT Page 2309 arbitrary if, in light of its actions, its behavior is so far outside the range of reasonableness as to be irrational, or if the union acts fraudulently or deceitfully. Air Line Pilots v. O'Neill, supra,499 U.S. 67; Ford Motor Credit Co. v. Huffman, 345 U.S. 330, 338,73 S.Ct. 681, 97 L.Ed. 1048 (1953); Humphrey v. Moore, 375 U.S. 335,348-49, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964).
In the present case, assuming for the purposes of this motion that the plaintiff's allegations are true, the defendant, through its president and vice president, are accused of "falsely and maliciously" accusing the plaintiff of theft for the purposes of injuring the plaintiff in her employment as a Milford Police Officer. The plaintiff's accusers, thus, are those who are designated and recognized as the plaintiff's representatives in her dealings with the Milford Police Department. The defendant union, while accusing the plaintiff of theft, was in a position, according to General Statutes § 7-468, of being obliged to represent her in the internal investigation with the Milford Police Department which the defendant itself instigated.
This court is not convinced that this factual scenario is one which is contemplated when requiring a plaintiff to exhaust her administrative remedies before the State Board of Labor Relations, prior to seeking judicial review. The fact that the plaintiff has filed a complaint sounding in tort does not in itself prevent resort to contractual grievance procedures. School Administrator's Assn. v. Dow, 200 Conn. 376,383, 511 A.2d 1012 (1986), quoting Legg, Mason Co. v. Mackall Coe,Inc., 351 F. Sup. 1367, 1370-71 (D.D.C. 1972); Mendillo v. Board ofEducation, supra, 246 Conn. 475.
However, it is not true that simply because the claim alleged by the plaintiff arose out of her employment, that the plaintiff was required to resort to the grievance procedures. Not every dispute that arises out of an employment relationship or a union membership constitutes a matter that must be submitted as a grievable matter to the State Board of Labor Relations, pursuant to General Statutes §§ 7-467 to 7-477, including fair representation issues pursuant to General Statutes § 7-468 (d). This action for emotional distress has no foundation in an underlying contract provision. Nor, are the specifically enumerated remedies in General Statutes § 7-471 (5)(B)(i) (ii) (iii) appropriate in this case.
The defendant argues that the language of § 7-471 (5)(B) states that the specifically enumerated remedies are not exclusive and that the statute clearly states that the State Board of Labor Relations "shall take such affirmative action as will effectuate the policies of sections CT Page 23107-467 to 7-477, inclusive, including but not limited to . . . (I) (ii) (iii)." While the defendant is correct in its argument that the remedies stated in § 7-471 (5)(B)(i) (ii) (iii) are not the only remedies the State Board of Labor Relations can order, any remedies fashioned by the State Board of Labor Relations are to effectuate the policies of §§ 7-467 to 7-477. This court is still unconvinced that the State Board of Labor Relations can order an appropriate remedy.
The plaintiff is seeking money damages from the union. The defendant proposes that the State Board of Labor Relations can award money damages, as there is no statutory language which prohibits the awarding of money damages. The defendant cites case law where the State Board of Labor Relations has the authority to award attorney's fees and costs. AFSCMECouncil 4, Local 287 v. State Board of Labor Relations, 49 Conn. App. 513,521 (1998); Local 1042, AFSCME, Council 4, AFL-CIO v. Connecticut StateBoard of Labor Relations, 1999 WL 321122 (Conn.Super., 1999) (McWeeny, J.). However, at oral argument the court requested that the defendant provide the court with decisions and findings of the State Board of LaborRelations, where said Board has awarded money damages in the past. The court did not limit the defendant to cases involving emotional distress or tort claims. The defendant, to date, has not provided the court with one example of a case where the State Board of Labor Relations has awarded money damages. This leads this court to conclude that the State Labor Relations Board has decided either that it cannot award money damages, or that it is an inappropriate remedy under its statutory powers.
To require the plaintiff, under the facts of the present case, to invoke the services of the State Board of Labor Relations "would be an attempt to force the proverbial square peg into the round hole." Mendillov. Board of Education, supra 246 Conn. 469.
The factual allegations, wherein the defendant is the plaintiff's accuser, are significantly different from a situation where a union does not effectively represent a member in the member's dealings with the employer. The plaintiff has demonstrated to the court's satisfaction that the resort to administrative exhaustion would be inadequate or futile.
Accordingly, the motion to dismiss is denied.
The Court
Arnold, J. CT Page 2311