[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, AFSCME, Local 1376, hereinafter referred to as the "union," has filed a motion seeking to dismiss the plaintiff's complaint claiming that the court lacks subject matter jurisdiction. The plaintiff, who was a member of the union has alleged in his complaint that the union violated its duty of fair representation as provided by[1]General Statutes § 7-470 (b)(3).
The plaintiff's complaint contains three counts. The First Count is directed at the defendant union for its lack of fair representation. The Second and Third Counts are directed against Eugene Mascolo, a Lieutenant in the City of Derby Police Department.
Count Two as to Mascolo claims an intentional infliction of emotional distress and Count Three against Mascolo alleges slander.
In relevant part, the complaint sets forth that the plaintiff was a Supernumerary Police Officer in Derby and was a member of the defendant CT Page 4497 union. As a member of said union, he was entitled to the protections of the collective bargaining agreement that existed between the defendant union and the City of Derby.
During May, 1995, the plaintiff was placed on "administrative leave," though the plaintiff claims there was no provision for such leave in the collective bargaining agreement. The plaintiff requested that the union file a grievance in his behalf, but the union failed to do so.
In March, 1996, after a disciplinary hearing was held, the plaintiff was suspended from his duties as a Supernumerary Police Officer for a period of "sixty bookings." The plaintiff again requested that the union file a grievance, grieving his suspension. This time the union did file a grievance in the plaintiff's behalf and the matter was brought before the State Labor Relations Board.
On or about January 22, 1999, the defendant, acting through its counsel, recommended that the plaintiff enter into an agreement with the City of Derby resolving all issues, but the plaintiff refused to do so. Despite the plaintiff's objections and his refusal to consent to the agreement, the defendant union entered into the agreement with the City of Derby.
The plaintiff claims that the union breached its duty of good faith and fair representation to himself and, further, that the union acted in an arbitrary manner by failing to grieve the initial administrative leave, and by entering into the agreement with the municipality, all to the plaintiff's detriment. The plaintiff is seeking monetary damages.
The defendant in seeking to dismiss the First Count argues that[2]General Statutes § 7-471 gives the State Board of Labor Relations authority to hear and decide complaints alleging a violation of General Statutes § 7-470 (b). Thus, the defendant union argues that this court lacks subject matter jurisdiction as the plaintiff has failed to exhaust his administrative remedies.
Pursuant to Connecticut Practice Book § 10-31, a motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, and (3) improper venue. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."Richardello v. Butka, 45 Conn. Sup. 336 (1997); Gurliacci v. Mayer,218 Conn. 531, 544 (1991). "A motion to dismiss is used to assert CT Page 4498 jurisdictional flaws that appear on the record or are alleged by the defendant in a supporting affidavit as to facts not apparent on the record." Villager Pond, Inc. v. Darien, 4 Conn. App. 178, 182 (1999);Bradley's Appeal from Probate, 19 Conn. App. 456, 461-62 (1989). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Villager Pond, Inc. v. Darien, supra at 183; Mahoney v. Lensink, 213 Conn. 548, 567 (1990). "It is the law in our courts, as it is in the federal courts, that [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Pamela B. v. Ment, 244 Conn. 296, 309 (1998).
"The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions." Connecticut Life and Health Ins. Guaranty Assn. v.Jackson, 173 Conn. 352, 358-59, 377 A.2d 1099 (1977). "The doctrine of exhaustion furthers the statutory goals of relieving the courts of the burden of deciding questions entrusted to an agency . . . in advance of possible judicial review." Watergate II Apartments v. Buffalo SewerAuthority, 46 N.Y.2d 52, 57, 385 N.E.2d 560, 412 N.Y.S.2d 821 (1978).Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 557.529 A.2d 666 (1987); Mendillo v. Board of Education, 246 Conn. 456,466-67, 717 A.2d 1177 (1998).
"Despite the important policy considerations underlying the exhaustion requirement, we have grudgingly carved several exceptions from the exhaustion doctrine. Cahill v. Board of Education, 198 Conn. 229, 241,502 A.2d 410 (1985). We have recognized such exceptions, however, only infrequently and only for narrowly defined purposes. LaCroix v. Board ofEducation, 199 Conn. 70, 79, 505 A.2d 1233 (1986). One of the limited exceptions to the exhaustion rule arises when recourse to the administrative remedy would be demonstrably futile or inadequate. O GIndustries, Inc. v. Planning and Zoning Commission, 232 Conn. 419, 429,655 A.2d 1121 (1995); Labbe v. Pensions Commission, 229 Conn. 801, 814,642 A.2d 1268 (1994). An administrative remedy is futile or inadequate if the agency is without the authority to grant the requested relief."Canata v. Dept. of Environmental Protection, 215 Conn. 616, 628,577 A.2d 1017 (1990). The administrative remedy may also be futile or inadequate if the factual allegations presented by the plaintiff allege an action not contemplated to be addressed by the State Board of Labor Relations, pursuant to General Statutes §§ 7-467 to 7-477 inclusive.Mendillo v. Board of Education, supra, 246 Conn. 468. CT Page 4499
"A union must represent its members in good faith. This duty of fair representation derives from the union's status as the sole bargaining representative for its members. As such, the union has the exclusive right and obligation to act for its members and to represent their interests." See General Statutes § 7-468 (d); Labbe v. HartfordPension Commission, 239 Conn. 168, 193, 682 A.2d 490 (1996). This duty of fair representation requires the union "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion in complete good faith and honesty, and to avoid arbitrary conduct." Id. at 194. A union breaches this duty if it acts arbitrarily, discriminatorily or in bad faith. Air Line Pilots v. O'Neill, 499 U.S. 65,74, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991); Vaca v. Sipes, 386 U.S. 171,190, 870 S.Ct. 903, 17 L.Ed.2d 842 (1967). A union's actions are arbitrary if, in light of its actions, its behavior is so far outside the range of reasonableness as to be irrational, or if the union acts fraudulently or deceitfully. Air Line Pilots v. O'Neill, supra, 499 U.S. 67; Ford Motor Credit Co. v. Huffman, 345 U.S. 330, 338,73 S.Ct. 681, 97 L.Ed. 1048 (1953); Humphrey v. Moore, 375 U.S. 335,348-49, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964). Therefore, the question to be decided in the present case is whether the defendant union's action in entering into the agreement with the City of Derby was arbitrary, dishonest, fraudulent, discriminatory or an act in bad faith.
The plaintiff has claimed that the defendant union acted arbitrarily in two instances. The first instance is when the defendant was placed on administrative leave in May, 1995. He requested that the union file a grievance in his behalf and the union did not fairly represent him was in January, 1999 when the defendant union, having pursued the plaintiff's grievance regarding his suspension, entered into an agreement with the City of Derby resolving all issues, without the plaintiff's consent.
As to the first instance in May, 1995, the court finds that the plaintiff did not pursue any action against the defendant for a "lack of fair representation" with the State Board of Labor Relations. By not pursuing that option in 1995, the plaintiff cannot come before the court at this time, claiming that any attempt at exhausting his administrative remedy would have been futile in 1995. As to the first allegation contained in Count One, the court finds that the plaintiff did not exhaust his administrative remedy. Saccardi v. Board of Education,45 Conn. App. 712, 722 (1997).
The next issue is whether the defendant union acted arbitrarily and in bad faith when it settled the plaintiff's grievance involving the CT Page 4500 plaintiff's March, 1996 suspension without the plaintiff's agreement or consent. This issue is more complex, as the record before the court reveals no details of the terms of the collective bargaining agreement and no details of the agreement reached between the defendant union and the City of Derby. The court, therefore, is without guidance as to whether the collective bargaining agreement allows the defendant union the power to enter into the agreement without the plaintiff's consent or whether the plaintiff in any manner, however limited, benefitted by the agreement negotiated by the union. The plaintiff's allegations, as framed in his complaint, lead the court to believe that the union did inform the plaintiff of the terms of the agreement, even though the terms did not meet the plaintiff's approval. Absent evidence to the contrary, the court also assumes that the decision of the defendant union to enter into the agreement was not arbitrary or dishonest with an intent to mislead the plaintiff. Rather, it was a product of negotiation and compromise. The court, however, cannot assume for the benefit of making this decision, and by lacking information otherwise, that the terms of the collective bargaining agreement empowers the defendant to enter into an agreement without the specific consent of its plaintiff-member.
The plaintiff, lastly, argues that the remedies provided in General Statutes § 7-471 (5)(B) do not include a claim for money damages for the emotional distress that he alleges to have suffered due to the union's actions. Thus, the plaintiff claims any action by him to exhaust his administrative remedy would be futile. The court agrees with the plaintiff to the extent that it is doubtful that the State Board of Labor Relations can order a remedy of money damages.
While the defendant is correct in its argument that the remedies stated in Connecticut General Statute § 7-471 (5)(B)(i)(ii)(iii) are not the only remedies the State Board of Labor Relations can order, no examples can be found where that Board has awarded money damages, other than attorney's fees and costs. This leads the court to conclude that the State Labor Relations Board has decided that either it cannot award money damages, or that it is an inappropriate remedy under its statutory powers.
The plaintiff has demonstrated to the court's satisfaction that the resort to administrative exhaustion would be inadequate or futile due to the lack of an adequate remedy.
Accordingly, the motion to dismiss is denied. CT Page 4501
The Court
By Arnold, J.