## MARY RICHARDELLO *v.* JOHN BUTKA

Superior Court            Judicial District of      File No. CV960056397S
Ansonia-Milford at Milford

Memorandum filed January 10, 1997

*Charles A. Sherwood,* for the plaintiff.

*Coughlin & Malone,* for the defendant.

FLYNN, J. Before the court is the defendant's motion to dismiss this prejudgment remedy application for lack of jurisdiction. Because the court finds proper service was made by the sheriff and that the action should not fail for reason of return of the process to the wrong venue, the motion is denied. The court holds that when a sheriff, in good faith, starts his service in a place located in the county where he holds office, that constitutes commencement of service sufficient to satisfy statutory provisions permitting him to complete service in other counties.

On November 14, 1996, the plaintiff, Mary Richardello, filed an application for a prejudgment remedy to attach real estate located in Milford and owned by the defendant, John Butka, in order to secure the sum of $135,000. The court ordered the plaintiff to give notice to the defendant of the pendency of the application and copies

of the application, writ, summons, complaint, affidavit and order at his business address in Milford and to four different addresses in Florida. The sheriff left a true and attested copy at the address in Milford, which he thought might also contain a residential apartment. Based on information obtained from the department of motor vehicles, the sheriff then left another copy at the defendant's abode in Trumbull, and sent copies certified mail, return receipt requested, to the four different addresses in Florida.

On December 16, 1996, the defendant filed a motion to dismiss for lack of proper venue and jurisdiction and for lack of proper service.

"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff *cannot* as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) *Gurliacci* v. *Mayer*, 218 Conn. 531, 544, 590 A.2d 914 (1991); *Third Taxing District* v. *Lyons*, 35 Conn. App. 795, 803, 647 A.2d 32, cert. denied, 231 Conn. 936, 650 A.2d 173 (1994).

"Venue is not a jurisdictional question but a procedural one. . . . Statutory venue requirements simply [confer] a privilege not to be required to attend court at a particular location. . . . Accordingly it may be waived by the parties, unlike subject matter jurisdiction, which cannot be conferred by consent." (Citations omitted; internal quotation marks omitted.) *Savage* v. *Aronson*, 214 Conn. 256, 263, 571 A.2d 696 (1990).

In support of his motion to dismiss, the defendant argues that the complaint is not properly returnable to the judicial district of Ansonia-Milford because the plaintiff resides in Massachusetts and the defendant is a resident of Trumbull, which is a part of the judicial

district of Fairfield.[1] He bases his argument on General Statutes (Rev. to 1995) § 51-345 (a) (3), which provides that all civil process shall be made returnable to the judicial district where either the plaintiff or defendant resides, if either or both of the parties are residents of this state. The defendant also contends that the petition and summons were not properly served because the sheriff, who was from New Haven county, had no authority to make service of process outside of his precinct upon the defendant in Trumbull, which is in Fairfield county.

In opposition, the plaintiff counters that the sheriff made proper service upon the defendant and that the court should transfer the case to the judicial district of Fairfield pursuant to Practice Book § 212.

General Statutes § 52-56 provides in pertinent part that "[i]f any officer has commenced the service of any civil process within his precinct, he may . . . serve the process upon, any defendant named in the process outside of his precinct. . . ." In *Pantlin & Chananie Development Corp.* v. *Hartford Cement & Building Supply Co.*, 196 Conn. 233, 237, 492 A.2d 159 (1985), the court upheld the trial court's ruling that service of process upon a defendant in Hartford was proper when the sheriff, who was from Fairfield county, made prior service in that county before serving process outside his precinct in Hartford. In the present case, the sheriff made prior service in New Haven county before serving process in Trumbull. The court finds, therefore, that the sheriff complied with the statutory requirements of § 52-56 and that service upon the defendant in Trumbull was proper.

The defendant distinguishes *Pantlin & Chananie Development Corp.* on the basis that the abode of the

[1] General Statutes (Rev. to 1995) § 51-344 (3) provides that "[t]he judicial district of Fairfield [consists] of the towns of Bridgeport, Easton, Fairfield, Monroe, Stratford and Trumbull."

defendant had never been in Milford but had been located in Trumbull for the last thirty years, so that when the sheriff left process in Milford at the defendant's small machine shop as directed by an order of notice, he could not thereby bring himself under § 52-56 because he had not commenced service as that statute requires. The court does not agree. The defendant did not live in Milford, so, when the sheriff left papers at the Milford address not knowing with certainty whether the defendant lived there, the action was not commenced. The statute, however, does not require the sheriff to effect commencement of the action by service within his own precinct before being authorized to serve papers outside his own county, but only to commence service in good faith in his home county. That he did, when he left the process at the Milford address. When he found through state motor vehicle records that a person by the defendant's name lived at the Trumbull address, he used diligence to serve him across the Housatonic River at the Trumbull address in Fairfield county. In doing so, he fulfilled his legal obligation to give the defendant notice of the proceedings and the opportunity to be heard. This construction of § 52-56 is consistent with the purpose of this statute, which is to permit the speedy and efficient notice to a defendant of the commencement of a legal action affecting the rights of that defendant. The construction the defendant urges would require more than the plain language of the statute demands and would frustrate the statutory purpose by discouraging the diligent efforts of process servers to give the prompt actual notice our statutory scheme contemplates.

The court will now turn to the remaining claim that the process was returnable to the wrong judicial district.

Although the judicial district of Ansonia-Milford is not the proper venue, this court denies the defendant's

motion to dismiss and transfers the action to the judicial district of Fairfield[2] in accordance with the plaintiff's motion. The clerk is directed to enter an order denying the motion to dismiss.

[2] "[B]oth General Statutes [§] 51-347b and Practice Book [§] 212 authorize the transfer of any action by order of the Court on its own motion or the motion of any party." *Maco* v. *Statewide Grievance Committee,* Superior Court, judicial district of Litchfield, Docket No. CV940066778 (January 23, 1995) (14 Conn. L. Rptr. 199, 200) (*Fineberg, J.*).

General Statutes § 51-347b provides in pertinent part: "(a) Any action or the trial of any issue or issues therein may be transferred, by order of the court on its own motion or on the granting of a motion of any of the parties, or by agreement of the parties, from the superior court for one judicial district to the superior court in another court location within the same district or to a superior court location for any other judicial district, upon notice by the clerk to the parties after the order of the court, or upon the filing by the parties of a stipulation signed by them or their attorneys to that effect. . . ."

Practice Book § 212 provides in pertinent part: "Any cause, or the trial of any issue therein, may be transferred from a judicial district court location to any other judicial district court location or to any geographical area court location, or from a geographical area court location to any other geographical area court location or to any judicial district court location, by order of the court (a) upon its own motion or upon the granting of a motion of any of the parties, or (b) upon written agreement of the parties filed with the court."