VILLAGER POND, INC. *v.* TOWN OF DARIEN ET AL.
(AC 17895)

Foti, Hennessy and Stoughton, Js.

Argued March 23—officially released July 13, 1999

*Ridgely W. Brown,* for the appellant (plaintiff).

*James V. Somers,* with whom, on the brief, were *John B. Farley, Kathleen St. Onge* and *John W. Fox,* for the appellees (defendants).

*Opinion*

STOUGHTON, J. The plaintiff, Villager Pond, Inc.,[1] appeals from the trial court's judgment of dismissal in

---

[1] The plaintiff is the developer of a condominium complex in Darien.

favor of the defendants, the town of Darien and various of its employees and representatives, for lack of subject matter jurisdiction. On appeal, the plaintiff claims that the trial court improperly dismissed the entire complaint. We affirm in part and reverse in part the judgment of the trial court.

The following facts are relevant to our resolution of this appeal. On June 12, 1997, the plaintiff commenced this action by a two count complaint pursuant to General Statutes § 52-592.[2] The plaintiff alleged that after the defendants had issued it a special permit to construct a condominium complex, they deprived the plaintiff of its property rights under the fifth and fourteenth amendments to the United States constitution in violation of 42 U.S.C. § 1983, and article first, §§ 1, 10, 11 and 20, of the constitution of Connecticut by withholding zoning compliance certificates.

The first count of the plaintiff's complaint raised federal and state takings, due process and equal protection claims. The second count incorporated the allegations of the first count and then asserted claims that the defendants' actions deprived the plaintiff of its property in violation of its right to substantive and procedural

---

[2] General Statutes § 52-592 provides in relevant part: "(a) If any action, commenced within the time limited by law, has failed . . . to be tried on its merits because . . . the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated . . . for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . . .

\* \* \*

"(d) The provisions of this section shall apply . . . to any action brought to the United States circuit or district court for the district of Connecticut which has been dismissed without trial upon its merits or because of lack of jurisdiction in such court. If such action is within the jurisdiction of any state court, the time for bringing the action to the state court shall commence from the date of dismissal in the United States court, or, if an appeal or writ of error has been taken from the dismissal, from the final determination of the appeal or writ of error. . . ."

due process under the fourteenth amendment to the federal constitution.

Previously, in April, 1993, the plaintiff had commenced a similar action, against the same defendants, in the United States District Court for the District of Connecticut. That two count federal complaint alleged that the defendants' actions constituted a taking of the plaintiff's property without just compensation in violation of the fifth and fourteenth amendments to the federal constitution. The second count of the complaint incorporated the allegations of the first count and then alleged that the defendants deprived the plaintiff of its property in violation of its right to substantive and procedural due process under the fourteenth amendment to the federal constitution.

In May, 1993, the defendants moved to dismiss the federal action. The District Court granted the motion to dismiss, concluding that the plaintiff's takings claim was not ripe for consideration due to the plaintiff's failure to exhaust available state compensation remedies. Regarding the plaintiff's due process claim, the District Court concluded that because the plaintiff had failed to allege either an entitlement to or property interest in the special permit, or that the zoning commission lacked discretion in the issuance and enforcement of such permits, the complaint failed to state a claim on which relief could be granted.

The United States Court of Appeals for the Second Circuit affirmed the District Court's dismissal of the plaintiff's takings claim, but remanded the due process claim with direction to the District Court to consider whether the plaintiff had established a property interest in the permits at the time they were withheld. *Villager Pond, Inc.* v. *Darien*, 56 F.3d 375 (2d Cir. 1995), cert. denied, 519 U.S. 808, 117 S. Ct. 50, 136 L. Ed. 2d 14 (1996).

Following the remand to the District Court, the defendants filed a motion for summary judgment on the plaintiff's due process claim, which the plaintiff did not oppose. On May 31, 1996, while the plaintiff's petition for certiorari to the United States Supreme Court on the takings issue was pending, judgment was rendered in favor of the defendants on the due process claim.

On July 25, 1997, after the commencement of the state action that is the subject of this appeal, the defendants moved to dismiss the entire complaint. The defendants alleged that under § 52-592, the trial court lacked subject matter jurisdiction as to the federal and state claims asserted in the state complaint. On November 20, 1997, the trial court granted the defendants' motion to dismiss and dismissed the complaint for want of subject matter jurisdiction under § 52-592 on the grounds that a due process claim was found in each count in the state complaint and the due process claim had been decided on its merits in the federal action. This appeal followed.

As a preliminary matter, we note that "Practice Book § 142 [now § 10-30] grants defendants the power to move to dismiss actions against them. A motion to dismiss is used to assert jurisdictional flaws that appear on the record or are alleged by the defendant in a supporting affidavit as to facts not apparent on the record. *Bradley's Appeal from Probate*, 19 Conn. App. 456, 461–62, 563 A.2d 1358 (1989); see Practice Book § 142 [now § 10-30]. A ruling on a motion to dismiss is neither a ruling on the merits of the action; *Amore* v. *Frankel*, 29 Conn. App. 565, 570–71, 616 A.2d 1152 (1992), [rev'd on other ground, 228 Conn. 358, 636 A.2d 786 (1994)]; nor a test of whether the complaint states a cause of action. *Pratt* v. *Old Saybrook*, 225 Conn. 177, 185, 621 A.2d 1322 (1993); see Practice Book § 143 [now § 10-31]. Motions to dismiss are granted solely on jurisdictional grounds. *Caltabiano* v. *Phillips*, 23 Conn. App. 258, 265, 580 A.2d 67 (1990); see Practice Book § 143

[now § 10-31]." (Internal quotation marks omitted.) *Discover Leasing, Inc.* v. *Murphy*, 33 Conn. App. 303, 306–307, 635 A.2d 843 (1993).

"The standard of review of a motion to dismiss is equally well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. *Mahoney* v. *Lensink*, 213 Conn. 548, 567, 569 A.2d 518 (1990) . . . ." *Pamela B.* v. *Ment*, 244 Conn. 296, 308, 709 A.2d 1089 (1998). Furthermore, "it is the law in our courts, as it is in the federal courts, that [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (Internal quotation marks omitted.) Id., 309. With these legal principles in mind, we now address the merits of the plaintiff's claim.[3]

The plaintiff claims that the trial court improperly dismissed the complaint for lack of subject matter jurisdiction. We disagree, in part, and agree, in part.

The plaintiff first claims that the trial court improperly dismissed its federal due process claims asserted in the state complaint under § 52-592 for lack of subject matter jurisdiction. We disagree.

Pursuant to § 52-592 (d), the trial court properly could exercise jurisdiction over the plaintiff's federal due process claims in the state complaint as long as the due process claims had not previously been tried on the merits by the federal courts.[4] The due process claims were decided on the merits when the District Court granted the defendants' motion for summary judgment

---

[3] We note that while the plaintiff presents a single claim, it may be broken into subissues, which we will address in turn.

[4] See footnote 2.

as to the federal due process claim that was asserted in the federal complaint. See *Daoust* v. *McWilliams*, 49 Conn. App. 715, 727, 716 A.2d 922 (1998) (summary judgment constitutes judgment on merits for purposes of res judicata). Thus, the trial court properly concluded that it could not exercise jurisdiction over the federal due process claims and properly dismissed those claims.

The plaintiff next claims that the trial court improperly dismissed the federal takings claim asserted in count one of the complaint and the federal equal protection and the state due process, equal protection and takings claims for lack of subject matter jurisdiction. We agree.

As we previously stated, "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." *Pamela B* v. *Ment*, supra, 244 Conn. 308; *Mahoney* v. *Lensink*, supra, 213 Conn. 567. Here, our review of the record reveals that the trial court never considered the viability of the plaintiff's state claims or the federal takings and equal protection claims in ruling on the defendants' motion to dismiss. Accordingly, we conclude that the trial court improperly granted the defendants' motion to dismiss as to the federal takings and equal protection claims and the state due process, takings and equal protection claims.

The judgment is reversed in part and the case is remanded for further proceedings to consider whether jurisdiction exists pursuant to § 52-592 as to the federal takings and equal protection claims and the state due process, takings and equal protection claims.

In this opinion the other judges concurred.