[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO DISMISS #102)
This action was commenced by way of writ, summons and complaint, dated December 22, 1999, with a return date of February 16, 2000. The plaintiff, William Buffing alleges that on or about March 28, 1988, purchased a ladder from the defendant. Plaintiff further alleges that this ladder malfunctioned on January 7, 1997, causing the plaintiff personal injuries. The plaintiff claims that the defendant is liable and legally responsible pursuant to Connecticut's Product Liability Act, as set forth in Connecticut General Statutes § 52-572m, et seq.
The defendant has filed this motion to dismiss arguing that the plaintiffs claim is barred by the applicable statute of limitations as set forth in Connecticut General Statutes § 52-577a(c) applies. Further, the plaintiff asserts that a defense of statute of limitations generally must be pleaded as a special defense and then raised by a motion for summary judgment, rather than a motion to dismiss.
Pursuant to Connecticut Practice Book § 10-31 a motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person and (3) improper venue. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."Richardello v. Butka, 45 Conn. Sup. 336, (1997), Gurliacci v. Mayer,218 Conn. 531, 544 (1991). "A motion to dismiss is used to assert jurisdictional flaws that appear on the record or are alleged by the defendant in a supporting affidavit as to facts not apparent on the record." Villager Pond, Inc. v. Darien, 54 Conn. App. 178, 182 (1999),Bradley's Appeal from Probate, 19 Conn. App. 456, 461-62 (1989). "In ruling upon whether a complaint survives a motion to dismiss, a court CT Page 6015 must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Villager Pond, Inc. v. Darien,supra at 183, Mahoney v. Lensink, 213 Conn. 548, 567 (1990). "It is the law in our courts, as it is in the federal courts, that [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Pamela B. v. Ment, 244 Conn. 296, 309 (1998). "Standing is the legal right to set judicial machinery in motion. . . . If a part is found to lack standing, the court is without subject matter jurisdiction to determine the cause." City of Middletown v. P G Enterprises Ltd.Part., 45 Conn. Sup. 435, 437 (1998).
The limitation of action based upon a products liability suit is contained in Connecticut General Statutes § 52-577a. ConnecticutGeneral Statutes § 52-577a (a) states as follows:
 "No product liability claim as defined in section 52-572m
shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered except that, subject to subsections (c)(d) and (e), no such action may be brought against any party nor may any party be impleaded pursuant to subsection (b) later than ten years from the date that the party lat parted with possession or control of the product."
The defendant concludes that because the allegedly defective ladder was purchased on or about March 28, 1988, more than ten years prior to the inception of the plaintiffs subject action, that the action is therefore barred by the application of Connecticut General Statutes§ 52-577a(a).
The plaintiff; however, draws the Court's attention to ConnecticutGeneral Statutes § 52-577a (c), which reads as follows:
 "(c) The ten-year limitation of action provided for in subsection (a) shall not apply to any product liability claim brought by a claimant who is not entitled to compensation under Chapter 568, provided the claimant can prove that the harm occurred during the useful safe life of the product. In determining whether a product's useful safe life has expired, the trier of fact may consider among other factors: (1) The effect on the product of wear and tear or CT Page 6016 determination from natural causes; (2) the effect of climactic and other local conditions in which the product was used; (3) the policy of the user and similar users as to repairs, renewals and replacements; (4) representations, instructions and warnings made by the product seller about the useful safe life of the product; and (5) any modification or alteration of the product by a user or third party."
The plaintiff, thus, maintains a right to present evidence regarding these factors to the trier of fact, regarding the useful safe life of the ladder, which is the alleged defective product in this matter.
As the court finds Connecticut General Statutes § 52-577a(c)
dispositive of the issue in this case, it does not address the issue of whether or not the statute of limitations question should have been raised as a motion to dismiss, or should have been pleaded as a special defense, in accordance with Connecticut Practice Book § 10-50.
Accordingly, the motion to dismiss is denied.
THE COURT
ARNOLD, J.