[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS
The apportionment defendant Search Electronics, Inc. has filed a motion to dismiss the Apportionment Complaint dated July 7, 1999. The apportionment defendant has set forth two grounds for is motion to dismiss. First, the Apportionment Complaint was filed and served on the apportionment defendant approximately one year after the return date of the original Complaint. Second, the original Complaint was not a negligence action.
Pursuant to Connecticut Practice Book § 10-31, a motion to dismiss CT Page 9072 shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, and (3) improper venue. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."Richardello v. Butka, 45 Conn. Sup. 336 (1997); Gurliacci v. Mayer,218 Conn. 531, 544 (1991). "A motion to dismiss is used to assert jurisdictional flaws that appear on the record or are alleged by the defendant in a supporting affidavit as to facts not apparent on the record." Villager Pond, Inc. v. Darien, 54 Conn. App. 178, 182 (1999);Bradley's Appeal from Probate, 19 Conn. App. 456, 461-62 (1989). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Villager Pond, Inc. v. Darien,supra at 183; Mahoney v. Lensink, 213 Conn. 548, 567 (1990). "It is the law in our courts, as it is in the federal courts, that [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Pamela B. v. Ment, 244 Conn. 296, 309 (1998). "Standing is the legal right to set judicial machinery in motion. . . . If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause." City of Middletown v. PG Enterprises, Ltd.Part., 45 Conn. Sup. 435, 437 (1998).
By Complaint dated July 18, 1998 and bearing an August 11, 1998 return date, plaintiff Precision Electronic Assembly sued Alan Goodman d/b/a Park Distributors. The action was brought in four counts and alleged: breach of express warranty; breach of implied warranty; breach of implied warranty for a particular purpose; and breach of contract. The original Complaint does not assert a negligence count.
On July 7, 1999, the defendant, also the apportionment plaintiff Alan Goodman d/b/a park Distributors, filed an "Apportionment Complaint" against Search Electronics, Inc.
The apportionment defendant Search Electronics, Inc. in its motion to dismiss cites Connecticut General Statutes § 52-102b requiring apportionment complaints to be filed within 120 days of the return date of the original complaint, which was August 11, 1998. The return date for the subject apportionment complaint was July 7, 1999, approximately 11 months later.
The second ground argued by the apportionment defendant Search Electronics, Inc. is that the Apportionment Complaint does not allege any negligence. The apportionment defendant argues that Connecticut GeneralCT Page 9073Statutes § 52-102b allows apportionment actions to be brought in claims alleging negligence. Specifically Connecticut General Statutes§ 52-102b allows "a defendant in any civil action to which Connecticut General Statutes § 52-272h applies" to file an apportionment complaint. Connecticut General Statutes § 52-272h has been repealed by the enactment of Public Act 99-69, which also applies solely to actions in which negligence is alleged.
The defendant and apportionment plaintiff, Alan Goodman d/b/a Park Distributors, argues that the 120 day period in Connecticut GeneralStatutes § 52-102b is discretionary and not mandatory and that there is no prejudice to the apportionment defendant Search Electronics, Inc. as the case is not on the trial list and depositions or discovery have nor been conducted. Additionally, the apportionment plaintiff argues that he can always move to implead Search Electronics, Inc. pursuant toConnecticut Practice Book § 10-11, which allows a "defendant in any civil action to move the court for permission to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to such defendant for all or part of the plaintiff's claim."
Therefore, the apportionment plaintiff argues, once again, the apportionment defendant would not be prejudiced by a denial of the motion to dismiss because the apportionment plaintiff, as a defendant in the original complaint, has other remedies available to make Search Electronics, Inc. a party to the original action.
This court finds that the 120 day time limit recited in Connecticut General Statutes § 52-102b is mandatory, and thus the Apportionment Complaint is time-barred. The court agrees with the ruling in Burban v.Hall Neighborhood House, Inc., et al., Superior Court, judicial districtof Fairfield, Docket No. 352398 (May 6, 1999) (Skolnick, J.), which states "[a]s a statutorily enacted period of limitation, the one hundred and twenty day period from the filing of the original complaint for filing the apportionment complaint has been strictly applied." Id. (citing Boddell v. Schmidt, Superior Court, judicial district ofFairfield Docket No. 351664 (February 10, 1999) (Skolnick, J.) (5 Conn.Ops. 263). Connecticut General Statutes § 52-102b, as the apportionment defendant, argues is the exclusive means by which the defendant may add a person who is or may be liable pursuant toConnecticut General Statutes § 52-572h, now Public Act 99-68, for a proportionate share of the plaintiff's damages as a party to an action. The court, in strictly enforcing the 120 day time period to file an apportionment complaint, also relies upon McDuff v. Tamborlane, SuperiorCourt, judicial district of New London, Docket No. 540767 (June 23, 1998)(Martin, J.) (22 Conn.L.Rptr. 364, 365); Stroud v. Pfeffer, SuperiorCourt, judicial district of Fairfield at Bridgeport, Docket No. 324804CT Page 9074(April 6, 1996) (Ballen, J.) (16 Conn.L.Rptr. 403, 404); and Winiarskiv. Hall, Superior Court, judicial district of Hartford/New Britain atHartford, Docket No. 566277 (December 19, 1997) (Wagner, J.)(21 Conn.L.Rptr. 514).
Having found that the apportionment complaint was not served on the apportionment defendant within 120 days of the original complaint, as strictly mandated by Connecticut General Statutes § 52-102b, the court hereby grants the apportionment defendant's motion to dismiss.
The court does not address further claims raised by the apportionment defendant or the apportionment plaintiff as the failure to serve the Apportionment Complaint within 120 days is dispositive of the issue.
Accordingly, the motion to dismiss the Apportionment Complaint is hereby granted.
The Court
By Arnold, J.