[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO DISMISS)
On or about September 8, 2000, the plaintiff filed an Application for Order to Proceed with Arbitration seeking an order pursuant to[1]
General Statutes § 52-410 directing the defendants to proceed with arbitration. The plaintiff, is the national franchiser of the "Subway" sandwich shops and is a Florida corporation with its principal place of business in Fort Lauderdale, Florida. It maintains an office in Malford, Connecticut.
The defendant is a present or former "Subway" franchisee who entered into a written franchise agreement with the plaintiff permitting them to operate Subway sandwich shops. The written franchise agreement between the parties contains an arbitration clause which provides as following in paragraph 10, subsection c.:
 "Any controversy or claim arising out of or relating to this contract or the breach thereof shall be settled by Arbitration in accordance with the Commercial Arbitration Rules of the American Association at a hearing to be held in Bridgeport, Connecticut, and judgment upon an award rendered by the Arbitrator'(s) may be entered in any court having jurisdiction thereof. The commencement of arbitration proceedings by an aggrieved party to settle disputes arising out of or relating to this contract is a condition precedent to the commencement of legal action by either party. . . ."
Paragraph 12 of the franchise agreement states:
 "This agreement shall be governed by and construed CT Page 5628 in accordance with the laws of the State of Connecticut and contains the entire understanding of the parties. . . ."
Paragraph I of the Agreement states that the "Franchisee represents and he understands and agrees to be bound by the terms, conditions and obligations of the Agreement."
On or about September 7, 2000, the plaintiffs in accordance with the arbitration clause in the Agreement filed with the American Arbitration Association a demand for arbitration in Bridgeport, Connecticut alleging a franchise dispute with the defendants, arising out of or relating to, the franchise agreement. The defendant is a present or former resident of Opa Locka, Florida. To compel said arbitration, the plaintiff had filed the subject action. A hearing on the Application for Order to Proceed with Arbitration was scheduled for October 10, 2000 at the Superior Court for the Judicial District of Ansonia-Milford at Milford, Connecticut.
On October 10, 2000, the defendant by way of counsel, filed a motion to dismiss the plaintiff's action claiming that this court lacks personal jurisdiction over the defendant and that there is no statutory basis for this court to assert jurisdiction over the defendant who is not a Connecticut resident.
Pursuant to Connecticut Practice Book § 10-31 a motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person and (3) improper venue. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."Richardello v. Butka, 45 Conn. Sup. 336, (1997), Gurliacci v. Mayer,218 Conn. 531, 544 (1991). "A motion to dismiss is used to assert jurisdictional flaws that appear on the record or are alleged by the defendant in a supporting affidavit as to facts not apparent on the record." Villager Pond, Inc. v. Darien, 54 Conn. App. 178, 182 (1999),Bradley's Appeal from Probate, 19 Conn. App. 456, 461-62 (1989). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Villager Pond, Inc. v. Darien,
supra at 183, Mahoney v. Lensink, 213 Conn. 548, 567 (1990)." It is the law in our courts, as it is in the federal courts, that [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Pamela B. v. Ment, 244 Conn. 296, 309 (1998). CT Page 5629
The defendant does not disagree with the general proposition that a party may by contract consent to personal jurisdiction. Phoenix Leasing,Inc. v. Kosinski, 47 Conn. App. 650, 653 (1998). The defendant, however, is contesting that she ever agreed to submit to this court's jurisdiction. She claims that as a resident of Florida, she was contracting with a Florida corporation, having a principal place of business in Florida, and it should not be presumed she was submitting herself to the jurisdiction of a Connecticut Court. She claims that the agreement is not clear as to the jurisdiction of the Connecticut courts, and that the vagueness of the language should be construed against the party who drafted the agreement. Mongillo v. Commissioner, 214 Conn. 225,2231 (1990); Thames River Recycling v. Gallo, 50 Conn. App. 767, 776 n. 7 (1998). The defendant claims it is unfair to require a local Florida franchisee into a Connecticut court when she never agreed to do so, and the plaintiff never drafted a clear forum clause.
The plaintiff disputes the defendant's claim of lack of jurisdiction by the Connecticut court, as the defendant agreed to arbitrate disputes in Bridgeport, Connecticut, and also consented to personal jurisdiction in any action brought in Connecticut to enforce the arbitration clause. The United States Court of Appeals for the Second Circuit has held in a prior "Subway" arbitration case that a party waives any objection to a court's personal jurisdiction or venue to decide an application to enforce an arbitration clause when the party agrees to arbitrate in the state in which the arbitration is to occur. Doctor's Associates, Inc. v. Stuart,85 F.3d 975, 983 (2d Cir. 1996). This decision is in line with other federal court decisions. Union Mutual Stock v. Beneficial Life InsuranceCo., 774 F.2d 524, 527 (1st Cir., 1985); Merrill, Lynch, Pierce, Fennerand Smit v. Lecopulos, 553 F.2d 842, 844 (2d. Cir. 1977).
"When a party agrees to arbitrate in a state where the Federal Arbitration Act makes such agreements specifically enforceable, that party must be deemed to have consented to the jurisdiction of the court that could compel the arbitration in that state. To hold otherwise would be to render the arbitration clause a nullity." Doctor's Associates,Inc. v. Stuart, supra, 85 F.3d 979; Victory Transp., Inc. v. ComisariaGeneral de Abastecimientos y Transportes, 336 F.2d 354, 363 (2d. Cir. 1964, cert. denied, 381 U.S. 934, 85 S.Ct. 1763, 14 L.Ed.2d 698 (1965).
Accordingly, the motion to dismiss is hereby denied.
THE COURT
by: ARNOLD, JUDGE