[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Juan Arriola, filed a complaint on March 20, 2000, against the defendant, the Windham Board of Education. The complaint, which consists of six numbered paragraphs, alleges that the board terminated his employment without providing progressive discipline and without just cause. Arriola alleges that the board acted contrary to its express, written promise that it will employ a progressive discipline policy and a just cause standard regarding terminations. Arriola further alleges that the board's failure to fulfill its promises resulted in lost compensation and employment benefits.
On June 4, 2001, the board moved to dismiss the case based on lack of subject matter jurisdiction. The board filed a memorandum of law in support of the motion to dismiss. Arriola flied a request for leave to amend the complaint on August 9, 2001, and a memorandum in opposition to the motion to dismiss on August 29, 2001.
The court will rule on the motion to dismiss before considering Arriola's request for leave to amend the complaint. "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one step further in the cause; as any movement is necessarily the exercise of jurisdiction." (Citations omitted; internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Peabody, N.E., Inc., 239 Conn. 93,99, 680 A.2d 1321 (1996). Consequently, the trial court is required to CT Page 796 rule on the motion to dismiss based on lack of subject matter jurisdiction before considering the motion to amend the complaint. See id; see also Gurliacci v. Mayer, 218 Conn. 531, 545, 590 A.2d 914
(1991); Baldwin Piano Organ Co. v. Blake, 186 Conn. 295, 297-98,441 A.2d 183 (1982).
"Practice Book § 142 [now § 10-30] grants defendants the power to move to dismiss actions against them. A motion to dismiss is used to assert jurisdictional flaws that appear on the record or are alleged by the defendant in a supporting affidavit as to facts not apparent on the record." Villager Pond, Inc. v. Darien, 54 Conn. App. 178, 182,734 A.2d 1031 (1999). In support of the motion to dismiss the board submitted an affidavit of Patrick Proctor, the superintendent of public schools in Windham.
The board argues that the court lacks subject matter jurisdiction because Arriola failed to exhaust his administrative remedies under the collective bargaining agreement. The board argues that Arriola is required to follow the grievance procedures in Article 3 of the collective bargaining agreement because his claims arise from the alleged breach of the collective bargaining agreement. The board contends that Arriola did not follow the grievance procedures and, therefore, the court should dismiss the case.
In his affidavit, Proctor avers that a collective bargaining agreement between the Windham Federation of Teachers and the Windham Board of Education governs the terms and conditions of employment. (Affidavit of Patrick Proctor, May 23, 2001 [Proctor Affidavit], ¶ 17.) Proctor avers that the progressive discipline policy is contained in the collective bargaining agreement. (Proctor Affidavit, ¶¶ 18, 21.) Proctor also avers that the collective bargaining agreement contains a grievance procedure to resolve any and all complaints arising from the agreement and that Arriola did not file a grievance in accordance with the procedures outlined in the agreement. (Proctor Affidavit, ¶¶ 19-20.) Proctor attests to the authenticity of the collective bargaining agreement and the statement of the progressive discipline policy attached to his affidavit. (Proctor Affidavit, ¶¶ 17-18.)
The collective bargaining agreement provides, in pertinent part, that "the Board and the Union agree that all disputes between them or between the Union and the administration shall be settled in accordance with the provisions of this grievance procedure and that all such proceedings shall be kept as confidential as possible." (Proctor Affidavit, Exhibit 3.) The agreement defines a grievance as "a complaint by an employee (i) that as to him or her there has been a violation, misinterpretation, or misapplication of the specific provisions of this Agreement; or (ii) CT Page 797 concerning his or her conditions of employment not covered by this agreement." (Proctor Affidavit, Exhibit 3.) Arriola's complaint alleges that the board failed to provide progressive discipline and that the board did not have just cause to terminate his employment. Therefore, the court finds that Arriola was required to exhaust the procedures for filing a grievance as provided in the collective bargaining agreement because the terms of Arriola's employment are governed by the collective bargaining agreement.
Arriola asserts that he does not have to follow the grievance procedures in the collective bargaining agreement because his cause of action is based on statutory and constitutional claims. Arriola contends that General Statutes § 31-51bb relieves him of the obligation to exhaust administrative remedies under the collective bargaining agreement because his claims arise under constitutional and state statutory provisions.
General Statutes § 31-51bb provides: "No employee shall be denied the right to pursue, in a court of competent jurisdiction, a cause of action arising under the state or federal constitution or under a state statute solely because the employee is covered by a collective bargaining agreement. Nothing in this section shall be construed to give an employee the right to pursue a cause of action in a court of competent jurisdiction for breach of any provision of a collective bargaining agreement or other claims dependent upon the provisions of a collective bargaining agreement."
The Supreme Court has determined that § 31-51bb "eliminate[s] the requirement that a plaintiff who is subject to a collective bargaining agreement exhaust all grievance and arbitration procedures before pursuing statutory remedies in the trial court" Genovese v. Gallo WineMerchants, Inc., 226 Conn. 475, 481, 628 A.2d 946 (1993). "Section 31-51bb
provides that a cause of action arising under the state or federal constitution or state statute cannot be lost solely because the employee is covered by a collective bargaining agreement Plainly, therefore, an employee who does not exhaust the grievance procedures established in a collective bargaining agreement may pursue a cause of action in the Superior Court if the cause of action is premised on an independent statutory claim." (Emphasis added.) Id. The court, however, noted that "[t]he language of the statute and the legislative history of the statute also make clear that the legislature intended to retain the exhaustion requirement in cases in which the plaintiff's claim arises from a right dependent on the provisions of the collective bargaining agreement." Id., 482, n. 8.
Arriola's complaint is limited to allegations that the board breached CT Page 798 its express written promise by terminating him without providing progressive discipline and without just cause. The court finds that Arriola's complaint is premised on the alleged breach of the collective bargaining agreement, rather than an independent statutory or constitutional claim. Therefore, Arriola cannot avail himself of §31-51bb, which would allow him to circumvent the provisions of the collective bargaining agreement by asserting his right to pursue a cause of action based on the federal or state constitution, or a state statute. The court finds that Arriola was required to file a grievance in accordance with the procedures set forth in Article 3 of the agreement. Accordingly, the complaint is dismissed because Arriola failed to exhaust his administrative remedies.
 ___________________ Foley, J.