[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 6212
This appeal, filed by the defendant on December 10, 2001, concerns two decisions rendered in the Family Support Magistrate Division, Burt, FSM. The first decision, dated December 15, 2000, granted the plaintiff's motion to modify, which the Magistrate deemed to be a motion to reopen judgment. The second decision was rendered on December 27, 2001, after a two-day hearing, and contained a finding of an arrearage due to the plaintiff from the defendant in the amount of $26,760.
The plaintiff and the State of Connecticut have filed motions to dismiss the appeal on the grounds the defendant did not specifically plead that he was aggrieved by the Magistrate's decisions.
"In ruling on a motion to dismiss a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Citations omitted.) Villager Pond, Inc. v. Town of Darien,54 Conn. App. 178, 183 (1999).
Applying this standard to the appeal papers and the attached petition the court concludes there are sufficient facts, stated and implied, to satisfy the aggrievement requirement contained in Connecticut General Statutes § 46b-231 (n).
The court is also mindful that our Supreme Court in the case ofKillingly v. Connecticut Siting Counsel, 220 Conn. 516, 522 (1991) stated "[w]here a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction must be indulged. . . . A trial court should make every effort to adjudicate the substantive controversy before it, and, where practicable, should decide a procedural issue so as not to preclude hearing the merits of an appeal." (Original punctuation and citations omitted.) The motions to dismiss are denied.
The origin of the December 15, 2000 decision are proceedings held on December 3, 1999. On that date, Magistrate Miller found an arrearage due to the State of Connecticut from the defendant in the amount of $16,451.64 and also found an arrearage of $0.00 due to the petitioner. The respondent was present with counsel; the petitioner was not present. The assistant attorney general representing the State of Connecticut was also present. The findings of the Magistrate were based upon an agreement of the parties present. (Transcript, December 3, 1999, p. 1). The agreement was based upon an audit performed by the Support Enforcement Division dated May 6, 1999, which audit was entered as Plaintiff's CT Page 6213 Exhibit 1 in the subsequent proceedings before Magistrate Burt.
When the petitioner became aware of the Magistrate's findings made on December 3, 1999, she filed a motion to find arrearages due to the plaintiff, dated and filed January 26, 2000, coded as #139. Magistrate Burt deemed this pleading a motion to reopen and granted the motion in her December 15, 2000 decision.
The first issue raised is whether Magistrate Burt effectively overruled a prior ruling of Magistrate Miller regarding the plaintiffs motion. The court concludes, after a review of the file, that Magistrate Miller did not render a decision on the plaintiff's motion. Magistrate Miller made pointed comments to the petitioner on February 25, 2000; however, the court file does not indicate any decision on the motion was made on that date. To the contrary, the case information sheet, JDFM-170, dated February 25, 2000, indicates that the plaintiffs motion was continued to May 19, 2000. The motion was continued several times before a hearing was held before Magistrate Burt in September 2000.
The court also concludes that Magistrate Burt did not exceed her authority or commit error when she considered the plaintiffs motion #139 a motion to reopen. It was filed within four months of the date of judgment and the pro se plaintiff was asking the Magistrate to reconsider and change findings.
The defendant raises the point that the plaintiff's motion to find arrearages due to the plaintiff, deemed to be a motion to reopen judgment, was not verified by the oath of the complainant or her attorney. The court concludes an oath was not required. Practice Book § 17-4, Setting Aside or Opening Judgments does not contain an oath requirement. General Statutes § 52-212a which provides for the opening of a civil judgement within four months following the date on which it was rendered does not contain an oath requirement. General Statutes § 52-212, Reopening Judgment Upon Default or Nonsuit, does contain a requirement that claims or defenses be verified by the oath of the complainant or his attorney. In this case the judgment was entered, not upon default, but, by agreement; § 52-212a, and not § 52-212, is applicable.
Magistrate Burt did not err when she found the judgment entered on December 3, 1999 was based upon mutual mistake. The defendant maintains no mistake occurred on December 3, 1999. However, the actions taken by Magistrate Miller on December 3, 1999 were the direct result of an audit, prepared by the State of Connecticut, that was later shown to be inaccurate. The inaccuracy occurred because the state did not charge the defendant with amounts due to the plaintiff under a "commission order" CT Page 6214 but credited the commission payments he made against the "weekly order" charges. The audit expressly stated "There is an amount due [the plaintiff] that is not reflected in this audit." (Plaintiff's Exhibit 1, cover page.) Based upon the inaccurate audit, all of the parties present before Magistrate Miller were under a mistake as to the true status of the defendant's obligations to the plaintiff under the court order. Having found there was a mutual mistake the Magistrate had the authority to open the judgment. Kenworthy v. Kenworthy, 180 Conn. 129 (1980).
The final claim raised by the defendant concerns the admission of Plaintiff's Exhibit 2, plaintiffs arrearage affidavit, which is titled "General Testimony for URESA." The document contains an accounting of amounts due, amounts paid and a running balance, from September 1985 to March 1992. After the plaintiff testified as to how the exhibit was prepared, her counsel offered the document as a memorandum of her recorded recollection. In admitting the document, the Magistrate observed that both parties were present in court to testify as to the accuracy of the document. The Magistrate also acknowledged her obligation to weigh the evidence and the testimony of the parties. (Transcript, August 24, 2001, p. 25 26.) It was not improper for the Magistrate to conclude that the requirements for admission of recollection recorded, contained in § 8-3
(6) of the Code of Evidence, were satisfied. The Magistrate noted in her decision of November 27, 2001 that the respondent did not dispute the evidence presented by the plaintiff.
 CONCLUSION
After considering the provisions of § 46b-231 (n)(7), the court concludes that no substantial rights of the appellant were prejudiced in the decisions of the Family Support Magistrate. The decisions of the Family Support Magistrate are affirmed and the appeal therefrom is hereby denied.
 ___________________ Domnarski, J.