[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#103)
The plaintiff in this action, ABB Automation, Inc. (ABB) filed a complaint on November 19, 2001, seeking a declaratory judgment interpreting provisions of an employment contract between it and the defendant, Mohamed N. Zaharna. According to the complaint, ABB is an Ohio corporation that is primarily engaged in automation, instrumentation and robotics activities, and its principal place of business is located in Norwalk, Connecticut. ABB is also a subsidiary of Asea Brown Boveri, a Delaware Corporation. Zaharna, is a resident of Ohio, and a former CT Page 8905 employee of ABB.
The complaint alleges the following facts: ABB and Zaharna entered into an employment agreement in which Zaharna would serve as the president and chief executive officer of ABB, effective April 1, 1999. (Complaint, Count one, ¶ 3.) Zaharna served in this position until April 1, 2001. Pursuant to the employment agreement, Zaharna's principle office and location of employment was located at Norwalk, Connecticut. (Complaint, Count one, ¶ 4.) ABB alleges upon information and belief that Zaharna disputes the validity and enforceability of various provisions of the employment agreement having to do with issues such as compensation, termination and benefits. Moreover, ABB alleges that Zaharna denies that the employment agreement is controlling with respect to all of the rights, benefits and obligations of the parties relating to Zaharna's employment and the termination thereof.
On January 11, 2002, Zaharna filed a motion to dismiss for lack of personal jurisdiction, lack of subject matter jurisdiction and improper venue.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) Brookridge District Assn. v. Planning Zoning Commission,259 Conn. 607, 611, 793 A.2d 215 (2002). "A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted; internal quotation marks omitted.) Villager Pond, Inc. v. Darien,54 Conn. App. 178, 182, 734 A.2d 1031 (1999). The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . Practice Book § 10-31(a)." (Ellipses in original; internal quotation marks omitted.) Borden v. Planning Zoning Comm., 58 Conn. App. 399,405, 755 A.2d 224, cert. denied, 254 Conn. 921, 759 A.2d 1023 (2000).
"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." (Brackets in original; ellipses original; internal quotation marks omitted.) Figueroa v. C and S Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845
(1996).
ABB filed the present action seeking a declaratory judgment determining various provisions of the employment contract between the parties. (Complaint, p. 4, (a) — (g).) "An action for declaratory judgment is a special proceeding. . . ." (Internal quotation marks omitted.) CT Page 8906Wilson v. Kelley, 224 Conn. 110, 121, 617 A.2d 433 (1992). "The purpose of a declaratory judgment action . . . is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties." (Internal quotation marks omitted.) Mannweiler v. LaFlamme, 232 Conn. 27, 33, 653 A.2d 1633
(1995). "A declaratory judgment may be employed only in solving a justiciable controversy." (Internal quotation marks omitted.) McAnerneyv. McAnerney, 165 Conn. 277, 283, 334 A.2d 437 (1973) "A case that is nonjusticiable must be dismissed for lack of subject matter jurisdiction." Mayer v. Biafore, Florek, O'Neill, 245 Conn. 88, 91,713 A.2d 1267 (1998).
ABB alleges in its complaint that "upon information and belief" the defendant disputes the validity and enforceability of various provisions of the employment agreement, and "upon information and belief" the defendant denies the employment agreement is controlling with respect to all rights, benefits and obligations of the parties relating to his employment and termination." (Complaint, p. 4, ¶¶ 12-18.). "[O]ur rules of practice require fact pleading. See Practice Book § 10-1."Emerick v. Kuhn, 52 Conn. App. 724, 749, n. 18, 737 A.2d 456, cert. denied, 249 Conn. 929, 738 A.2d 653, cert. denied sub nom. Emerick v.United Technologies Corp., 528 U.S. 1005, 120 S.Ct. 500, 145 L.Ed.2d 386
(1999). "The complaint must state facts sufficient to set forth a cause of action entitling the plaintiff to a declaratory judgment . . . To state a cause of action for such relief, facts showing the existence of a substantial controversy or uncertainty of legal relations which requires settlement between the parties must be alleged." (Citation omitted.)Lipson v. Bennett, 148 Conn. 385, 389, 171 A.2d 83 (1961). "Ordinarily, there should be an assertion in the pleadings by one party of a legal relation or status or right in which he has a definite interest, together with an assertion of the denial of it by the other party, thus setting forth a substantial dispute." (Emphasis added; internal quotation marks omitted.) Bombero v. Planning Zoning Commission, 40 Conn. App. 75, 85,669 A.2d 598 (1996).
The plaintiff's allegation that, "upon information and belief" the defendant disputes the validity and enforceability of the employment agreement is a conclusory allegation. See Dingle v. Fleet, Superior Court, judicial district of New Haven at New Haven, Docket No. 443028 (February 28, 2001, Devlin, J.); see also First Federal Savings Loanv. Chappell, Superior Court, judicial district of Tolland at Rockville, Docket No. 61212 S (April 21, 1997, Rittenband, J.) ("[T]he phrase `on information and belief' is hardly a definite statement of facts. Someone pleading with those words as a predicate should first ascertain as to whether he is pleading a provable fact, and if it is, leave out the predicate; if it is not, it shouldn't be pleaded."). In the past, this CT Page 8907 court has held that an allegation based upon information and belief absent any attempt to plead facts supporting such an allegation insufficient to withstand a motion to strike.[1] "We are a fact pleading state and a demurrer should lie against a complaint that does not set forth sufficient facts to establish a cause of action and also by analogy a motion to dismiss for lack of jurisdiction against a complaint that does not set forth sufficient facts to support a claim of jurisdiction." Henry v. Planning Zoning Commission, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 054922 (March 31, 1999, Corradino, J.) (24 Conn.L.Rptr. 345).
"[W]henever a court discovers that it has no jurisdiction, it is bound to dismiss the case." (Brackets in original; internal quotation marks omitted.) Kindl v. Dept. of Social Services, 69 Conn. App. 563, 565, ___ A.2d ___ (2002). In this case, ABB's action for declaratory judgment is premised solely on its allegations that "upon information and belief," a dispute exists between the parties. These allegations are insufficient to support a claim that an actual dispute or controversy exists and is therefore nonjusticiable. "A declaratory judgment may be employed only in solving a justiciable controversy." Lipson v. Bennett, supra,148 Conn. 384. "A case that is nonjusticiable must be dismissed for lack of subject matter jurisdiction . . . Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute. . . ." (Citations omitted; internal quotation marks omitted.)Mayer v. Biafore Florek O'Neill, supra, 245 Conn. 91.
The court finds that ABB's allegations are conclusory in nature and do not establish an existing dispute. Accordingly, the court grants Zaharna's motion to dismiss because the court is without jurisdiction to render a declaratory judgment. As the court finds it has no jurisdiction to adjudicate this action, it will not address the issues of personal jurisdiction and forum non conveniens.
KARAZIN, J.