ANNA M. LARSON *v.* STANLEY W. NORKUNAS

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1128

Argued September 15, 1981 – decided January 8, 1982

*Kenneth L. Shluger,* for the appellant (defendant).

*Paul S. Lazorick,* for the appellee (plaintiff).

COVELLO, J. The plaintiff landlord filed this action seeking possession of orally leased premises claiming that the defendant tenant had not paid rent which was due and owing on September 1, 1980. The defendant filed an answer denying that the rent was unpaid. By way of special defense, he contended that checks tendered to the plaintiff for the months of August, September and October were held and not cashed. Further, in a misjoined counterclaim[1] the defendant also sought reimbursement for the value of various furniture purchases, as well as money paid and personal labor supplied in improving the premises. After trial to the court, judgment for immediate possession entered in favor of the plaintiff.

---

[1] In view of the restricted nature of a summary process action, the Supreme Court has held that a counterclaim for money damages is inappropriate and not permissible. *Atlantic Refining Co.* v. *O'Keefe,* 131 Conn. 528, 531, 41 A.2d 109 (1945); *Webb* v. *Ambler,* 125 Conn. 543, 551–52, 7 A.2d 228 (1939). Examination of the record discloses no decision by the court on this counterclaim which seeks reimbursement for furniture, money and labor furnished to the plaintiff. The defendant, while pursuing a claim of quantum meruit on the counterclaim in his brief and oral argument, did not raise the counterclaim in his preliminary statement of issues. The preliminary statement of issues identifies the parameters of the matters to be taken up on appeal; Practice Book § 3012 (a); and the court will not consider matters that were not so included. *Presutti* v. *Presutti,* 181 Conn. 622, 626, 436 A.2d 299 (1980).

The tenant has appealed to this court. He contends that the court erred in not finding him a co-owner of the property within which the leased premises lay and thus equally entitled to possession. The defendant's claim of ownership is not based on actual title, but relies on the application of the doctrines of resulting or constructive trust. We conclude that these claims are without merit.

The plaintiff claimed that she was the owner of Nos. 744–746 East Street, New Britain, which consisted of three five-room apartments. She acquired the property by deed from her mother on January 4, 1960. At trial she introduced a certified copy of the deed, the tax bill on the grand list of October 1, 1979, and a certified copy of the New Britain assessor's records, all of which described the plaintiff as sole owner of the premises.

The plaintiff further claimed that in December, 1979, or January, 1980, she orally leased the second floor apartment to the defendant for his use as a studio at the rate of $150 per month, and that he had originally agreed to leave within two to three months. After a falling out between the parties, the plaintiff declined to negotiate the rent checks she had received and the defendant thereafter stopped payment. The plaintiff then instituted the present action.

The defendant claimed that his relationship with the plaintiff began on November 28, 1970. Thereafter, he contended, they lived together in the first floor apartment at 744 East Street as man and wife, a circumstance which continued until the date of trial. The defendant testified that while living with the plaintiff he paid household and insurance bills on the property. He admitted his tenancy of the second floor apartment for business purposes, but contended that he was an equitable co-owner of the entire premises.

Although he did not specifically argue such a claim to the trial court, the defendant contends on appeal that the facts proven at trial warrant the impression of a resulting or constructive trust for his benefit on the real estate in question, thus leaving him as a co-owner and thereby immune to the plaintiff's claim for possession. Trusts which come into existence because of presumed or inferred intent are resulting trusts; those which are created by court action "in order to work out justice, without regard to the intent of the parties" are constructive trusts. 1 Bogert, Trusts & Trustees (2d Ed.) p. 7, § 1. "When the purchase money for property is paid by one and the legal title is taken in the name of another, a resulting trust . . . arises . . . , by operation of law, in favor of the one paying the money." *Whitney* v. *Whitney*, 171 Conn. 23, 32–33, 368 A.2d 96 (1976), citing *Franke* v. *Franke*, 140 Conn. 133, 138, 98 A.2d 804 (1953); *Ward* v. *Ward*, 59 Conn. 188, 195, 22 A. 149 (1890).

"While a resulting trust arises to enforce presumed or inferred intent, usually in the absence of any element of fraud, a constructive trust arises 'contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy.' " *Zack* v. *Guzauskas*, 171 Conn. 98, 103, 368 A.2d 193 (1976), citing 76 Am. Jur. 2d, Trusts § 221.

All of these considerations are of a factual nature, to be determined by the trier whose finding will not be disturbed by this court unless the conclusion reached could not reasonably be drawn. *Whitney* v. *Whitney*, supra, 33. The plaintiff acquired the property in question from her mother almost eleven years before she

met the defendant. There was no evidence that the defendant's funds were used to purchase the premises or that any funds were thereafter obtained from him through the plaintiff's fraud, or deceit or other unconscionable conduct. His sole financial involvement, other than payment of rent, lay in his claim that he had contributed an unspecified amount of household expenses and paid some portion of the insurance on the property. The lack of concrete proof concerning the defendant's economic contribution to this property and the complete lack of evidence concerning what representations may have been made to him concerning ownership amply justify the trial court's rejection of his claim to co-ownership and its award of immediate possession to the plaintiff.

There is no error.

In this opinion SHEA and BIELUCH, Js., concurred.