The plaintiffs commenced a summary process action against the defendants on August 25, 1982. Prior to the institution of this suit, the defendants had brought an action against the plaintiffs seeking to be declared the owners of the premises the defendants now occupy by virtue of a resulting trust. The earlier action is still pending. The defendants moved to dismiss the summary process action, which the trial court granted for the reason that "[n]o issues raised by this action are outside the comprehension of the earlier [action] and they properly may be raised therein." From that judgment of dismissal the plaintiffs have appealed.
The plaintiffs claim the trial court erred in dismissing the summary process action on the basis of the prior pending action. We disagree. None of the pleadings of the prior suit was submitted as part of the record on appeal. This court, however, may take judicial notice of the contents of other files of the Superior Court. Farm Bureau Mutual Automobile Ins. Co. v. Kohn Bros. Tobacco Co.,141 Conn. 539, 542, 107 A.2d 406 (1954). Examination of the complaint filed in the earlier case, Vito Pepe, Jr., et al. v. Vito Pepe, Sr., et al., Superior Court, Stamford-Norwalk judicial district at *Page 731 
Stamford, No. CV 82-61194, discloses that its subject matter involves a dispute between the parties as to which of them holds title to the premises.
The issue of title as between the parties in a summary process action is a factual one which is frequently dispositive of the right to possession. General Statutes 47a-26d; Larson v. Norkunas,37 Conn. Sup. 869, 441 A.2d 205 (1982). This is the case here. "`The general principle is well settled, that the pendency of a prior suit between the same parties, for the same thing, will abate a latter suit; because, in such a case, the last is deemed to be unnecessary, and therefore vexatious.'" Zachs v. Public Utilities Commission,171 Conn. 387, 394, 370 A.2d 984 (1976).
 There is no error.
DALY, BIELUCH and COVELLO, Js., participated in this decision.