[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO DISMISS
The defendant, Christy's Market, has moved to dismiss this summary process action on three grounds: it claims that the action is barred by the "prior pending action" doctrine, that the notice to quit erroneously describes the premises, and that the service of the notice to quit was inadequate. In addition, Christy's requests a stay pending resolution of a related case between the parties now pending on the regular docket of the Superior Court.
The claim that the notice to quit contains an inaccurate description of the premises is dispositive of the motion. The agreed upon facts developed at the hearing on the motion to dismiss are that the notice to quit described the premises as those "at the northwest corner of the intersection of Connecticut Route 77 and North Main Street, Marlborough, Connecticut a/k/a 4-6-8 Hampton Road", whereas in fact the premises are located at the intersection of Route 66 and North Main Street, also known as 4-6-8 East Hampton Road. The parties agreed that there is no Route 77 in Marlborough, and the plaintiffs argued that because the mistakes were, in their view, obviously typographical and because the sheriff apparently was able to find the premises and to serve the notice to quit, the error was de minimis and ought CT Page 1893 not void the notice to quit.
It is black letter law in this jurisdiction that the description in the premises must be accurate, and that because the action of summary process is statutorily created, material errors in the description will deprive the court of subject matter jurisdiction. Vogel v. Bacus, 133 Conn. 95, 98 (1946); see also O'Keefe v. Atlantic Refining Company, 132 Conn. 613 (1946). On the other hand, it is also true that the court discourages a hypertechnical dissection of language in notices, where no realistic chance for confusion or ambiguity exists. See SouthlandCorporation v. Vernon, 1 Conn. App. 439, 452-53 (1984). If, for example, the description of the premises in the body of the notice to quit is incomplete, but the complete information is found in the salutation of the notice and there is no reasonable ground for confusion, the subsequent summary process action will not be dismissed on the ground of inaccurate description. See, e.g., Brame v. Plainville Electrical Products, H-___, No. SPH 88212 (Housing Session 1996); see also Seventeen High Street LLC v.Shoff-Darby Insurance Company, SNBR-423, No. SPNO 9502 17033 (Housing Session 1995). There is a qualitative difference, however, between an incomplete description, where the deficiency is readily apparent and the correct information is apparent, and an erroneous description. See, for example, the discussion and authority cited in Brame, supra. Although in this case the sheriff apparently was able to make correct inferences (or perhaps may have been directed to the correct premises), the description was simply wrong. Although it is certainly possible to make the correct guess from the information provided in the notice to quit, the inference is not inescapable. I find, then, that the motion to dismiss should be granted on the ground of the misdescription of the premises.
Because of this holding, I do not reach the issue of whether the service of the process was sufficient. If this action is reinstituted, this issue is not likely to be presented.
The issue of "prior pending action" may well arise again, however, so I will briefly address the question. The parties have agreed that there is another action pending between the parties on the regular civil docket at 95 Washington Street. In that action, the defendant is seeking specific performance of lease provisions, along with damages on several theories. In this action, of course, the only remedy sought is immediate possession of the premises. Although the central factual issue would seem to CT Page 1894 be the same in both actions, to wit, whether the defendant breached the lease in regard to an insurance payment, the remedies sought are significantly different.
The "prior pending action" doctrine is an equitable doctrine designed to prevent oppressive or vexatious conduct. Where the allegations of two actions are "virtually alike"; see Solomon v.Aberman, 196 Conn. 359 (1985); and the "ends or objects" of the two actions are identical or close to identical; see Halpern v.Board of Education, 196 Conn. 647, 653-55 (1985); the second action will be dismissed. One pertinent question is whether any remedy is sought in the second action which would not be available in the first. Halpern, supra, 655.
A comparison of two cases involving summary process actions may be instructive. In Pepe v. Pepe, 38 Conn. Sup. 730
(App. Sess. 1983), a second action, seeking immediate possession, was dismissed where the prior action was a declaratory judgment action seeking ownership by virtue of a constructive trust; the only significant issue was who the owner was, and the relief sought was substantially similar. In Yarbrough v. Demirjian,17 Conn. App. 1 (1988), by comparison, a second action sounding in summary process was not dismissed, where the relief sought in the first case was specific performance of a bond for deed. AlthoughPepe and Yarbrough are factually similar, a distinction seems to lie in the magnitude of the differences in the remedies sought in the two cases.
In the present case, the only remedy sought is immediate possession; apparently a variety of damages are sought in the prior action. In these circumstances, the remedies are different enough so that the prior pending action doctrine ought not bar the second suit.[1]
The motion to dismiss is granted.
Beach, J.