[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS NO. 102
CT Page 6778
On November 12, 1996, the plaintiffs, Robert T. Miller and Joseph A. Novella, filed a two count verified complaint against the defendants, the Town of Bethel (Bethel) and Regina S. Whitlock, a tax collector for Bethel. Count one seeks a temporary injunction to prevent the defendants from collecting taxes allegedly owed by the plaintiffs to Bethel. Count one alleges that the plaintiffs purchased land from Bethel by way of a tax collector's deed which was issued on or about January 21, 1992. The plaintiffs allege that the deed warranted that title was conveyed with a covenant of good and marketable title. On or about June 17, 1993, the former owner of the property filed an action seeking to declare the deed void. In connection with this suit, a lis pendens was placed on the Bethel land records. Count one further alleges that the tax deed was recorded on January 21, 1993, after the one year redemption period, and that on or about September 12, 1996, the plaintiffs received a tax collector's demand requesting the plaintiffs pay $38,266 in taxes. Count one alleges that more than $13,455 of the taxes relate to a period before the plaintiffs had clear title to the property.
Count two incorporates the first count and seeks a declaratory judgment. Count two alleges that Bethel has violated the plaintiffs' constitutional rights pursuant to the United States and Connecticut constitutions in that the taxes assessed "are illegal and constitute a `taking' . . . ."
On December 12, 1996, the defendants filed a motion to dismiss, a memorandum in support, accompanied by two affidavits, and two counterclaims. The counterclaims seek payment of real property taxes from the plaintiffs and allege that the plaintiffs have been the record owners of the property from January 21, 1992, that they owe the property taxes for the tax years 1992-1995, and that they have failed to pay. On January 8, 1997, the plaintiffs filed a memorandum in opposition to the defendants' motion to dismiss, and on January 21, 1997, the plaintiffs filed an answer denying the material allegations of the defendants' counterclaims and asserting three special defenses none of which is relevant to the present motion. On February 3, 1997, the defendants filed a revised answer denying the plaintiffs' special defenses.
"A motion to dismiss . . . properly attacks the jurisdiction CT Page 6779 of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Citation omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983). The motion to dismiss shall be filed "with supporting affidavits as to facts not apparent on the record" where appropriate. Practice Book § 143. When the movant does not seek to introduce other evidence, the movant admits all well pleaded facts. Duguay v. Hopkins,191 Conn. 222, 227, 464 A.2d 45 (1983). A motion to dismiss is the proper vehicle to raise the issue of a prior pending action.Gaudio v. Gaudio, 23 Conn. App. 287, 294, 580 A.2d 1212 (1990), cert. denied, 217 Conn. 803, 584 A.2d 471 (1990).
The defendants move to dismiss the plaintiffs' two count complaint on the ground that the court lacks subject matter jurisdiction. The defendants argue that the plaintiffs are precluded from challenging the tax assessment because they failed to exhaust their administrative remedies pursuant to General Statutes §§ 12-111 and 12-117a (formerly § 12-118) and failed to commence the action one year from the date of assessment as provided in General Statutes § 12-119. In response, the plaintiffs argue that the defendants have misconstrued the nature of their complaint. The plaintiffs contend that the complaint "is not a challenge to the assessment itself or the assessability of the Real Property in general, but as to whether in equity the Plaintiffs should be required to pay back taxes on the Real Property." (Plaintiffs' memorandum, p. 4.)
In the present case, the first count alleges that "[t]he taxes assessed by the Town of Bethel were improperly assessed in that: (a) the Plaintiffs' were not the legal owners of the Real Property at the time of assessment; (b) the taxes were assessed in violation of the covenants of the Warranty Deed issued by the Town of Bethel to the Plaintiffs; (c) the Town of Bethel is equitably precluded from assessing such taxes in that it failed to convey good and marketable title to the Real Property . . . ." (Count one, ¶ 18.) The second count alleges that the taxes are illegal and constitute a "`taking' within the meaning of the Constitution of the United States and of the State of Connecticut." (Count two, ¶ 20.)
The defendants contend that the plaintiffs are contesting the CT Page 6780 assessment of taxes which should have been done pursuant to General Statutes §§ 12-111, 12-117a and/or 12-119. General Statutes § 12-111 provides in pertinent part: "Any person . . . claiming to be aggrieved by the doings of the assessors of such town may appeal therefrom to the board of assessment appeals." General Statutes § 12-117a provides in pertinent part: "Any person . . . claiming to be aggrieved by the action of the board of tax review or the board of assessment appeals, as the case may be . . . may, within two months from the date of the mailing of notice of such action, make application, in the nature of an appeal therefrom . . . to the superior court . . . ." General Statutes § 12-119 provides in pertinent part: "When it is claimed that a tax has been laid on property not taxable in the town or city in whose tax list such property was set, or that a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof . . . prior to the payment of such tax, may, in addition to the other remedies provided by law, make application for relief to the superior court for the judicial district in which such town or city is situated. Such application may be made within one year from the date as of which the property was last evaluated for purposes of taxation . . . ."[1]
The plaintiffs do not allege that they were aggrieved by the tax assessors of Bethel nor do they allege that the tax assessors violated provisions for the assessment of the valuation of the property for tax purposes. "The Plaintiffs' claim is based . . . upon the fact that the Plaintiffs are being assessed taxes against a parcel of real estate not then owned by the Plaintiffs." (Plaintiffs' memorandum, p. 4.) Accordingly, §§ 12-111, 12-117a and 12-119 do not apply in the present case. Thus, the court is not deprived of subject matter jurisdiction because the plaintiffs' allegations, equitable in nature, do not challenge the method of assessment or assessability of taxes or allege that the plaintiffs are aggrieved due to actions of the assessors.[2]
The defendants also argue that the complaint should be dismissed pursuant to the prior pending action doctrine. The defendants argue that the plaintiffs have a cross-complaint pending against them alleging the same facts and requesting the same relief as the present case. In response, the plaintiffs argue that the two actions are not similar because they do not CT Page 6781 request the same relief and each action relies on a different legal theory.
The prior pending action doctrine applies equally to claims and counterclaims. Northern Homes Distributors, Inc. v. Grosch,22 Conn. App. 93, 96, 575 A.2d 711, cert. granted, 216 Conn. 810,580 A.2d 61 (1990). "It has long been the rule that when two separate lawsuits are virtually alike the second action is amenable to dismissal by the court." (Internal quotation marks omitted.) Halpern v. Board of Education, 196 Conn. 647, 652,495 A.2d 264 (1985). "The rule does not apply, however, when the two actions are for different purposes or ends or involve different issues . . . or where there is not a strict identity of the parties." (Citations omitted.) Conti v. Murphy,23 Conn. App. 174, 178, 579 A.2d 576 (1990). "The rule forbidding the second action is not . . . one of unbending rigor, nor of universal application, nor a principle of absolute law . . . ." (Internal quotation marks omitted.) Farley-Harvey Co. v. Madden,105 Conn. 679, 682, 136 A. 586 (1927). "[The court] must examine the pleadings to ascertain whether the actions are virtually alike." (Internal quotation marks omitted.) Halpern v. Board ofEducation, supra, 196 Conn. 653.
The movant must sustain the burden of proving that a prior pending action exists which may be met by submitting affidavits or other evidence of the prior pending action. See DeMartino v.DiSora, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 030509 (November 27, 1990) (Curran, J.) (photocopy of a summons and complaint which bear no filing date nor docket number cannot, by itself, be viewed by the court as evidence of a prior pending action). Even if the movant fails to submit the pleading of the prior suit, however, the court may take judicial notice of the contents of other files of the Superior Court. Pepe v. Pepe, 38 Conn. Sup. 730, 462 A.2d 7 (App. Sess. 1983).
The defendants neither submitted evidence to demonstrate that there is a pending suit between the parties nor have they submitted copies of the pleadings in the prior action for the court to compare to the pleadings in the present case. The court may take judicial notice of the cross claim asserted by the plaintiffs in the action entitled John Mulqueen Associates Inc.v. Miller, Superior Court, judicial district of Danbury, Docket No. 313890. In that case, the present plaintiffs, as co-defendants, filed a two count cross claim against the present CT Page 6782 defendants, who were co-defendants in the prior action. Count one of the cross claim in the prior action alleges, in pertinent part, that the tax collector owed the defendants a duty and that she was negligent in that she: (a) failed to comply with the requirements of General Statutes § 12-157; (b) failed to file a timely notice of sale on the Bethel town records; (c) failed to mail the required notice of sale to the plaintiff as required by statute; (d) failed to deliver good, marketable and unencumbered title to the property to the defendants. Count one further alleges that the defendants were made to suffer damages caused by the tax collector's alleged negligence. Count two incorporates the first count and alleges that the tax deed expressly warranted that it conveyed good and marketable title to the property, that the town of Bethel breached the warranty of title, and the defendants have suffered damages. The cross claim in the prior action seeks money damages.
In the present case, the plaintiffs allege that because they were not the record owners of the property during the tax year in issue, the defendants should be enjoined from collecting those taxes. The plaintiffs also allege that Bethel has violated the takings clause of the United States and Connecticut constitutions. The plaintiffs seek a declaratory judgment, an injunction and monetary relief.
The prior cause of action seeks to litigate negligence and breach of warranty of title. The present cause of action seeks to determine the issue of whether a town can collect property taxes, assessed during a statutory redemption period, from a party who purchased the property at a tax sale, and the issue of whether the assessment of such taxes is a constitutional "taking." Although the prior cause of action and the present cause of action may overlap in some areas, the purposes and the remedies of the two actions are not virtually alike pursuant to the prior pending action doctrine so as to deprive the court of subject matter jurisdiction.
For the reasons given above, the court denies the defendants' motion to dismiss.
Stodolink, J.