[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This administrative or record appeal is from a decision of the Westport representative town meeting (RTM) and from another decision rendered by the Westport conservation commission (commission). The appeal arises from a decision by the RTM to deny the plaintiffs, Arthur Cohen and Claudia Cohen (the Cohens), residing at 67 Old Hill Road, Westport, intervenor status during an administrative proceeding. In addition, the appeal directly attacks a Waterway Protection Lines Ordinance (WPLO)[1] permit that was granted by the commission. One defendant, ARS Partners, LLC (ARS),[2] moved to dismiss this appeal (#102), and the other defendants, the RTM, the commission, and the town of Westport (collectively, municipal defendants),[3] filed their own motion to dismiss (#104).
Pursuant to Practice Book § 10-30, ARS and the municipal defendants separately moved to dismiss this appeal for lack of subject matter jurisdiction on various grounds, some of which are identical. The grounds set forth in ARS's motion to dismiss are: (1) that there is no right of appeal from failure of the representative town meeting to act; (2) the Cohens already have a pending appeal from the conservation commission's decision; and (3) this appeal is not timely. Although similar, the grounds set forth in the municipal defendants' motion to dismiss are: (1) that there is no right of appeal from failure of the RTM to act; (2) the Cohens already have a pending appeal from the conservation commission's decision; and (3) any appeal from the conservation commission's decision was not filed timely.
The complaint alleges the following facts. In an effort to begin developing land in Westport, ARS applied to the commission for approval of a plan to construct thirty-one (31) single family homes, and sought permits under the WPLO and the Westport Inland Wetlands and Watercourses Regulations (inland wetlands).[4] Pursuant to General Statutes §22a-19 (a), the Cohens intervened in the commission's proceedings on February 6, 2002. After reaching a decision on April 15, 2002, the CT Page 3759 commission published notice on April 26, 2002, that it had approved in part, and denied in part, ARS's application with conditions, and that the commission had granted an inland wetlands permit and a WPLO permit in accordance with the modified plan. Following this decision, both ARS and the Cohens separately appealed.[5]
In accordance with Westport Code § 148-11,[6] and allegedly within the time allowed, a group of citizens of Westport filed with the RTM a petition for review of the commission's decision regarding the WPLO permit. According to the Westport Code § 148-11, the RTM had ninety days from the filing of the petition to review the commission's decision; if the RTM took no action, the commission's decision would be deemed approved at the expiration of the ninety-day time limit.
In response, on July 9, 2002, the RTM referred the petition to its environment committee. This committee held a hearing on the petition on July 22, 2002. Three days later, the environment committee resolved to recommend that the RTM not review the commission's decision regarding the WPLO permit. According to the complaint, on July 29, 2002, pursuant to General Statutes § 22a-19, the Cohens allegedly filed a verified petition to intervene in the "proceeding" where the RTM would consider whether to review the commission's decision regarding the WPLO permit.
During the meeting, the environment committee recommended that the RTM take no action. In response to an inquiry by the Cohens' attorney, the Westport town attorney informed him that the intervention petition had been rejected on the basis that it was premature because, in the town attorney's opinion, the August 6, 2002 meeting was not a "proceeding" under General Statutes § 22a-19 in which intervention may have been appropriate.
The ninety day period expired on August 27, 2002. Subsequently, service of process was made upon the town of Westport, the RTM and the commission on September 6, 2002. ARS was served on September 9, 2002.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Blumenthal v. Barnes, 261 Conn. 434,442, 804 A.2d 152 (2002). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Brookridge District Assn. v. Planning Zoning Commission, 259 Conn. 607, 611, 793 A.2d 215 (2002). CT Page 3760 "Furthermore, it is the law in our courts . . . that [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (Internal quotation marks omitted.) Villager Pond, Inc. v.Darien, 54 Conn. App. 178, 183, 734 A.2d 1031 (1999).
"Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention . . . The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings . . . If at any point, it becomes apparent to the court that such jurisdiction is lacking, the appeal must be dismissed." (Internal quotation marks omitted.) Kizis v. Morse Diesel International, Inc.,260 Conn. 46, 52, 794 A.2d 498 (2002). "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." (Internal quotation marks omitted.) FederalDeposit Ins. Co. v. Peabody, N.E., Inc., 239 Conn. 93, 99, 680 A.2d 1321
(1996).
Ground One in ARS's Motion to Dismiss, #102 — There Is No Rightof Appeal from Failure of the Representative Town Meeting to Act
ARS contends that there is no statutory right of appeal from failure of a legislative body to act and, therefore, this court has no subject matter jurisdiction over this appeal. ARS argues that the RTM was sitting in its legislative capacity when it let the 90 days run, and that there is no statutory right of appeal from failure of a legislative body to act. It is clear to this court, however, that the RTM does not solely act as a legislative body; it also sits as an appellate agency, that is, in a judicial capacity, to conduct review of an administrative agency's decision, albeit, if it chooses to do so. It was sitting in this latter capacity during all times relevant to this decision.
Nevertheless, in their brief, the Cohens concede that they have no standing to challenge the RTM's decision not to take action on the review petition. Therefore, the relevant portions of the appeal concerning the RTM's decision not to review the commission's decision are dismissed.[7]
 Ground One in the Municipal Defendants' Motion to Dismiss, #104No CT Page3761 Action Was Taken by the RTM, Therefore, No Right of Appeal Exists
The municipal defendants contend that the RTM neither made a decision nor took any action and, therefore, that the Cohens have no right to appeal. It is not clear whether the municipal defendants are referring to the RTM's denial of the Cohens' petition to intervene or to the RTM's failure to act in connection with the petition for review. As discussed above, however, the relevant portions of the appeal concerning the RTM's decision not to review the conservation commission's decision are dismissed.[8]
This court will now address whether the Cohens have a right to appeal the RTM's decision to deny them intervenor status.[9] General Statutes § 22a-19 (a) states, in pertinent part: "In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law . . . any person . . . may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state." "In short, § 22a-19 allows any individual or entity to `intervene as a party' in certain proceedings or judicial review thereof to challenge harm to the environmental public trust." Hyllen-Davey v.Planning and Zoning Commission, 57 Conn. App. 589, 595, 749 A.2d 682, cert. denied, 253 Conn. 926, 754 A.2d 796 (2000).
This court is faced with a matter that occurred after the agency's decision but before any official review or appeal at an administrative level. That is, the Cohens attempted to intervene in a matter wherein the RTM was deciding whether to review the agency's decision. What is directly at issue here is whether such a matter constitutes a "proceeding" or "judicial review thereof" under General Statutes §22a-19, for if it does not, then the Cohens had no right to intervene and, therefore have no right to appeal here. If the matter was a "proceeding," then the Cohens have a right to appeal the RTM's decision to deny them intervenor status. See Zoning Commission v. Fairfield ResourcesManagement, Inc., 41 Conn. App. 89, 674 A.2d 1335 (1996); Keeney v.Fairfield Resources, Inc., 41 Conn. App. 120, 674 A.2d 1349 (1996). For the reasons set forth below, this court holds that the petition for review filed with the RTM constituted a proceeding under § 22a-19.
Recently, the Appellate Court examined General Statutes § 22a-19 inHyllen-Davey v. Planning and Zoning Commission, supra, 57 Conn. App. 589, and interpreted the word "proceeding." Although the court used the "plain meaning" rule as a starting point; see State v. Courchesne, 262 Conn. 537
CT Page 3762 (2003); it also invoked the legislative history and the circumstances surrounding the enactment of § 22a-19. The court began "with the plain meaning of the term proceeding in construing the statute . . . [T]he term proceeding, as ordinarily used, is generic in meaning and broad enough to include all methods involving the action of courts . . . Other definitions are similarly broad. A `proceeding' is defined as `any application to a court of justice, however made, for aid in the enforcement of rights, for relief, for redress of injuries for damages, or for any remedial object.' Ballantine's Law Dictionary (3rd Ed. 1969)." (Citations omitted; internal quotation marks omitted.) Hyllen-Davey v.Planning and Zoning Commission, supra, 57 Conn. App. 596. The court concluded that "[p]roceeding means the form in which actions are to be brought and defended, the manner of intervening in suits, of conducting them of opposing judgments and of executing." (Emphasis in original; internal quotation marks omitted.) Id., 597.
The Appellate Court also explained that "[t]he plain meaning of the word `intervene' highlights the joining of an existing action, even when viewing the term as it was defined at the time our legislature enacted the [Environmental Protection Act]. `Intervene' is defined as `[t]o come between. To become a party to an action by way of intervention.' Ballantine's Law Dictionary (3d Ed. 1969). Similarly, `intervention' is defined, inter alia, as `the proceeding by which one not originally a party to an action is permitted, on his own application, to appear therein and join one of the original parties in maintaining the action of defense . . .' Id. When discussed within the context of General Statutes §22a-19, the word `intervention' is similarly used. Intervention allows one who was not a party in an original action to become a party upon his request. He has a derivative role by virtue of an action already shaped by the original parties." (Internal quotation marks omitted.)Hyllen-Davey v. Planning and Zoning Commission, supra,57 Conn. App. 595-96.
One of the purposes of General Statutes § 22a-19 is to give the citizens of Connecticut more control over the protection of the environment. Previously, our Supreme Court explained that the bill that would become the Environmental Protection Act of 1971 "was intended to `[expand] the right of a person to have access to the courts when property which we might say belongs to all of the public is jeopardized by the alleged polluting activity. [Prior to the enactment of CEPA] a person, unless he [could] show a personal direct ownership or other interests in the land which he claim[ed] as being affected by the alleged activity [did] not have legal standing in the court of law. Consequently, some of the most beautiful aspects of our environment . . . do not lend themselves to a proprietary or a personal interest and CT Page 3763 [CEPA] makes the guaranteeing and the preservation and the protection of these rights [previously unavailable] available to the general public . . .' 14 H.R.Proc., Pt. 2, 1971 Sess., p. 739, remarks of Representative John F. Papandrea. Moreover, in enacting CEPA, the legislature realized that it was `granting individual citizens some powerful weapons, the right to seek injunctions,[10] the right to intervene in proceedings.' 14 S.Proc., Pt. 3, 1971 Sess., p. 1083, remarks of Senator Thomas F. Dowd, Jr." Waterbury v. Washington, 260 Conn. 506, 532-33, 800 A.2d 1102
(2002). Furthermore, "[e]nvironmental statutes, considered remedial in nature, are to be construed liberally to reach the desired result." (Internal quotation marks omitted.) Keeney v. Old Saybrook, 237 Conn. 135,157, 676 A.2d 795 (1996).
Based on the foregoing analysis of the statute's language, the legislative history and circumstances surrounding its enactment, the legislative policy it was designed to implement, and its relationship to existing legislation and common law principles governing the same general subject matter, this court holds that the petition to review filed with the RTM on May 27, 2002, and the hearings that followed constituted a "proceeding" under General Statutes § 22a-19. Furthermore, the filing of the petition for review was an action that, if successful, would have led to the RTM's review of the commission's decision. The RTM was not sitting in its legislative capacity, but, rather, in its judicial capacity to consider whether it would review the commission's decision concerning the WPLO permit. It had been asked to do this by members of the Westport electorate. This intermediate stage, between agency decision and full-blown review, was one where persons had an opportunity to convince the RTM to review the commission's decision. To declare that this stage does not comprise a proceeding under General Statutes §22a-19 (a) would thwart the purpose of the statute.
That the RTM did not actually review the commission's decision does not change this court's holding that the matter in which the Cohens attempted to intervene was a "proceeding" that could lead to judicial review. "Every word and phrase [in a statute] is presumed to have meaning, and we do not construe statutes so as to render certain words and phrases surplusage." (Internal quotation marks omitted.) Vibert v. Board ofEducation, 260 Conn. 167, 176, 793 A.2d 1076 (2002). General Statutes § 22a-19 (a) specifically states, "[i]n any administrative, licensingor other proceeding, and in any judicial review thereof made available by law . . ." (Emphasis added.)
Furthermore, Nizzardo v. State Traffic Commission, 259 Conn. 131,788 A.2d 1158 (2002), allows one to appeal denial of a request for intervenor status pursuant to General Statutes § 22a-19 when, under a CT Page 3764 provision of the UAPA, General Statutes § 4-183, the administrative agency reaches its final decision in the case. Because, under the UAPA, the would-be intervenor has standing to appeal the denial of intervenor status, it follows that the would-be intervenor has standing to appeal the denial of intervenor status by a zoning or planning agency, or a zoning or planning appellate body, under General Statutes § 8-8. Moreover, "[s]ection 22a-19 (a) makes intervention a matter of right once a verified pleading is filed complying with the statute, whether or not those allegations ultimately prove to be unfounded." Red Hill Coalitionv. Town Plan Zoning Commission, 212 Conn. 727, 734, 563 A.2d 1347
(1989). To deny a would-be intervenor standing to appeal such a denial would frustrate the purpose of General Statutes § 22a-19 since intervention could be denied every time without any available recourse by the petitioner, and § 22a-19 would be rendered meaningless.
Therefore, because the Cohens attempted to intervene in a "proceeding" under General Statutes § 22a-19 (a), they have a right to appeal their denial of intervenor status by the RTM, and the municipal defendants' motions to dismiss on this ground is denied.
Ground Two in Motions #102 and #104 — Prior Pending Action
The defendants also have raised the prior pending action doctrine as a ground for dismissal of the action and have brought the court's attention to Cohen v. Westport Conservation Commission, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV 02 0189985 (CohenI), which is currently pending. It is well recognized that "[t]he prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court." Cumberland Farms,Inc. v. Groton, 247 Conn. 196, 216, 719 A.2d 465 (1998).
"Although a motion to dismiss is the proper vehicle to raise the issue of a prior pending action, the doctrine does not truly implicate subject matter jurisdiction." Gaudio v. Gaudio, 23 Conn. App. 287, 294,580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990). Our Supreme Court has explained that "[t]he pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for [dismissal]. It is so, because there cannot be any reason or necessity for bringing the second, and therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." (Internal quotation marks Omitted.) Cumberland Farms, Inc. v. Groton, supra, 247 Conn. 216. Pleadings must be examined "to ascertain whether the actions are virtually alike . . . and whether they are brought to adjudicate the same CT Page 3765 underlying rights." (Citation omitted; internal quotation marks omitted.)Id.
Although the parties have not presented to this court copies of the pleadings in Cohen I, the failure is not fatal. "Judicial notice may . . . be taken at any stage of the proceedings including on appeal." (Citations omitted; internal quotation marks omitted.) Drabik v. EastLyme, 234 Conn. 390, 398, 662 A.2d 118 (1995). See also Pepe v. Pepe,38 Conn. Sup. 730, 730-31, 462 A.2d 7 (App.Sess. 1983). Therefore, this court takes judicial notice of the pleadings contained in Cohen I.
The defendants argue that the Cohens have already appealed from the commission's decision and, as they will have a full opportunity to raise their claims in Cohen I, they will not be prejudiced by the dismissal of this action (Cohen II). The Cohens respond that this appeal is not duplicative of Cohen I because while Cohen I "raises the environmental impact of the granting of the inland wetlands permit . . . this appeal (1) challenges the RTM's denial of intervention, an order that post-dated the filing of the prior appeal, and (2) raises the environmental impact of the granting of the WPLO permit, an issue that is not addressed in the prior appeal."
The Cohens commenced Cohen I by service of process on May 8, 2002. The petition seeking to have the RTM review the commission's granting of the WPLO permit was filed on May 27, 2002. Although none of the parties points to a specific date on which the RTM denied the Cohens' verified petition to intervene, the transcript from the August 6, 2002 RTM meeting contains an inquiry by the Cohens' attorney into whether the petition for intervention had been accepted, to which Mr. Bloom, the town attorney, responded that he thought the petition was premature and inappropriate and that, essentially, the petition had been rejected. Because the RTM rejected the Cohens' petition to intervene after the commencement ofCohen I, Cohen I could not be appealing an action that had not yet occurred. Therefore, the prior pending action doctrine does not apply to the Cohens' attempt to intervene. Thus, whether Cohen addresses the conservation commission's granting of the WPLO permit requires an examination of the pleadings filed in both appeals.
 Comparison of the Pleadings in Cohen I and Cohen II
The Cohens argue that Cohen I is an appeal only from the commission's approval of the inland wetlands permit, while Cohen II appeals only the WPLO permit. A review of the pleadings in Cohen I and Cohen II, in the light most favorable to the Cohens, does not support this argument. On its face, the allegations in the appeal in Cohen I are identical to the CT Page 3766 allegations in the appeal in Cohen II that are particular to the conservation commission's decision.
Both summonses filed in Cohen I and Cohen II name Arthur and Claudia Cohen as the plaintiffs, and include in the list of defendants: Westport conservation commission; town of Westport: ARS Partners, LLC; John Pancoast, John B. Parker, Polly Parker Kennedy, Mort Van Summern and Peggy Sawyer; and the office of the attorney general, state of Connecticut. The summons in Cohen II also has attached another list of names, which includes: town clerk, town of Westport; town clerk Westport conservation committee, town of Westport; town clerk, representative town meeting committee, town of Westport; Mr. Gordon Joselloff, Westport representative town meeting chairman; office of the attorney general, state of Connecticut; and commissioner of department of environmental protection. It is clear that the plaintiffs and all of the defendants are parties in both actions.
The only pleading filed in Cohen I is entitled, "Appeal from the Westport Conservation Commission." Cohen II's appeal is entitled, "Appeal from the Westport Representative Town Meeting and the Westport Conservation Commission." The opening paragraphs, except for a change of date, are identical. Paragraphs one in both appeals are also identical and explain that ARS Partners applied to the commission for approval of "an application for construction of a residential development consisting of thirty-one (31) dwellings with associated site appurtenances on the property located at Newtown Turnpike and Patrick Road . . . in Westport and the extension of water and sewer lines across wetlands and Poplar Plains Brook. Sewer is to be provided by the City of Norwalk."
The second paragraphs in both appeals state that on April 15, 2002, the commission both approved and denied, in part, "the Application" with conditions, and the requisite notice was published in a newspaper with substantial circulation within Westport. While this paragraph in Cohen I
ends with mention of the publication, Cohen II contains the explanatory phrase, "a portion of said decision related to the Westport Water Protection Line Ordinance (`WPLO')." No such clarification is contained in Cohen I. The third paragraphs describe the Cohens' intervention into the commission's proceedings pursuant to General Statutes § 22a-19
(a).
The fourth paragraphs, and the allegations of the manner in which the conservation commission acted "illegally, arbitrarily and in abuse of the discretion vested in it and in violation of its own regulations and state law," contained therein are practically indistinguishable, except thatCohen II begins, "In approving the WPLO application . . ." while Cohen I
CT Page 3767 begins, "In rendering its decision on the application . . ." (Emphasis added.) Again, in Cohen I, no distinction is made between the inland wetlands permit and the WPLO permit.
The remaining paragraphs in Cohen I, five through eight, continue to allege that the commission's decision was improper. While Cohen II
attempts to bifurcate the commission's decision into two actions, i.e., granting of the inland wetlands permit and granting of the WPLO permit, paragraph five of Cohen I refers to only one "action" by the commission, and only one "decision on the Application" in paragraph six.
Similarly, the relief requested in Cohen I is not specific to only one part of the commission's decision. Rather, in their own words, the Cohens are appealing "from the decision of the Westport Conservation Commission regarding the application . . ." The Cohens request in Cohen I, similar to that requested in Cohen II: "a. [a] finding that the administrative and regulatory procedures of the Commission are inadequate for the protection of the environment, as set forth in Connecticut General Statutes § 22a-1 et seq."; that the court "b. [r]emand to Commission for a new decision in accordance with C.G.S. § 22a-1 et. seq.; c. [s]ustain the appeal and reverse the decision of the Commission;" grant "d. [s]uch other relief as the court deems fair and reasonable"; and issue "e. [a] temporary and permanent injunction; [and] f. [a] restraining order pursuant to Connecticut General Statutes § 8-8
(h)."
Although there may be some overlapping allegations of improper conduct pertaining to both the inland wetlands permit and the WPLO permit, the appeal in Cohen I does not contain any language which would limit it to an appeal strictly from the commission's decision regarding the inland wetlands permit. Furthermore, while the relief requested in Cohen II is directed to the commission's decision regarding the WPLO permit (as well as the RTM's actions or lack thereof), Cohen I makes no such distinction. Therefore, at least on its face and regarding the commission's decision, Cohen I is "[t]he pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object . . ." (Internal quotation marks omitted.) Cumberland Farms,Inc. v. Groton, 247 Conn. 196, 216, 719 A.2d 465 (1998).
Although the prior pending action doctrine "has evolved as a rule of justice and equity and not as a principle of absolute law"; Gaudio v.Gaudio, 23 Conn. App. 287, 297, 580 A.2d 1212, cert. denied, 217 Conn. 803,584 A.2d 471 (1990); the commission's decision pertaining to the WPLO permit is already part of a pending appeal in Cohen I. Thus, the defendants' motions to dismiss are granted in this respect, and the CT Page 3768 corresponding portion of the appeal is dismissed.[11]
 Ground Three in ARS's Motion to Dismiss, #102 — This Appeal IsNot Timely
ARS's third ground for dismissal is, "(c) this appeal is not timely under any reading of the relevant statutes and ordinance." In support, ARS maintains that "[i]f the [representative town meeting] had acted on the petition in question, any appeal from that action would have had to have been commenced within thirty (30) days after notice of such decision," and such time limits are mandatory. The RTM, however, did not act on the petition, so it is unclear how this argument relates to the present case.
As stated above, this appeal concerns both the RTM's denial of the Cohens' request to intervene and the commission's decision regarding the WPLO permit. While ARS's third ground for dismissal, as stated in its motion, is worded broadly enough to address both issues on appeal, the memorandum contains little, if any, analysis and legal authority, and this ground will be treated as abandoned.
Ground Three in the Municipal Defendants' Motion to Dismiss, #104— Any Appeal from the Conservation Commission's Decision Was NotFiled Timely
The municipal defendants claim, in the alternative, that this appeal from the conservation commission's decision pertaining to the WPLO permit is untimely. Because this court holds, for the reasons discussed above, that the portion of this appeal that deals with the WPLO permit is dismissed, this ground is moot.
Conclusion
In conclusion, the defendants' motions to dismiss are granted in part and denied in part. The portions of the Cohens' appeal that address the Westport conservation commission's decision concerning the WPLO permit are dismissed based on the prior pending action doctrine. The portions of the appeal that seek relief for failure by the RTM to grant the Cohens intervenor status may remain pending.
So Ordered.
Dated at Stamford, Connecticut, this 27th day of March 2003.
William B. Lewis, Judge CT Page 3769